UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HILLARY WHITE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SPORTS AND CUSTOM TEES, INC. d/b/a Tee Shirt Palace, a Michigan Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Hillary White ("White" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**INTRODUCTION**

Plaintiff Hillary White is a Maine artist whose unique artwork incorporates various themes, including 1980's redux-inspired t-shirt designs. White's livelihood is dependent on her ability to license her artwork and sell merchandise bearing her designs. Unfortunately, White's artworks have been misappropriated and incorporated into unauthorized apparel and other merchandise sold by online retail website www.TeeShirtPalace.com (the "Tee Shirt Palace Website"), which is owned and operated by Defendant Sports and Custom Tees, Inc., d/b/a Tee Shirt Palace (hereinafter referred to as "Tee Shirt Palace"). This action is brought to address Tee Shirt Palace's direct copyright infringement, vicarious and/or contributory copyright infringement, as well as their ongoing and willful infringement of Plaintiff's rights in and to her artworks despite repeated notice of Plaintiff's rights.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant Tee Shirt Palace is subject to personal jurisdiction in Michigan because it conducts substantial business in this district, has systematic and continuous contacts with this district, and avails itself of the privileges and benefits of Michigan law.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because Defendant is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff Hillary White ("Plaintiff") is an individual domiciled and residing in Belfast, Maine.

6. Upon information and belief, Defendant Tee Shirt Palace is a corporation organized and existing under the laws of the State of Michigan with its corporate headquarters located in Southfield, Michigan.

7. Upon information and belief, Defendants Does 1-10, inclusive, are manufacturers and/or vendors of products offered for sale on the Tee Shirt Palace Website, which Doe Defendants have manufactured, imported, supplied, and/or distributed products bearing unlawful reproductions of Plaintiff's artworks without Plaintiff's consent, or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

8. Upon information and belief, and at all times relevant hereto, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FACTUAL BACKGROUND

9. Plaintiff is the author and owner of the artworks "Coven of Trash Witches," "My Eyes Are Up Here," and "Fluffin' Meowgical" (the "Subject Designs"), among others. The infringement of the Subject Designs is the basis for this Complaint.

10. The Subject Designs, along with their associated U.S. Copyright Registration Numbers, and effective dates, are as follows:

| Title | Registration Number | Effective Date |
| --- | --- | --- |
| Coven of Trash Witches | VA0002163988 | 08/12/2019 |
| Fluffin' Meowgical | VA0002179490 | 11/24/2019 |
| My Eyes Are Up Here | VA0002145132 | 03/02/2019 |

11. Upon information and belief, since at least 2010, Tee Shirt Palace has been in the business of manufacturing and distributing clothing and other merchandise bearing a vast variety of illustrations, texts, and designs.

12. In connection with its business, Tee Shirt Palace created and currently operates the Tee Shirt Palace website to receive content from third parties, display the content to the general public, distribute various clothing bearing content, and ultimately, profit from the sales of such apparel and merchandise.

13. Upon information and belief, Tee Shirt Palace allows third party users to post content onto the Tee Shirt Palace website. The uploaded content is digitally displayed onto apparel and merchandise and offered for sale to the general public.

14. Upon information and belief, Tee Shirt Palace, and/or its affiliates, subsidiaries, vendors, manufacture and subsequently distribute products bearing reproduced copies of the content to the end-user of the Tee Shirt Palace Website.

15. Upon information and belief, and addition to third party uploaded content, Tee Shirt Palace has the ability to post content onto the Tee Shirt Palace Website and offer apparel and merchandise bearing such content for sale to the general public.

16. Upon information and belief, Tee Shirt Palace does in fact post content to the Tee Shirt Palace Website and offers apparel and merchandise bearing such content for sale to the general public.

17. In November of 2021, Plaintiff discovered that Tee Shirt Palace displayed "Coven of Trash Witches" and "My Eyes Are Up Here" on the Tee Shirt Palace Website, and offered products bearing those copyrighted works for sale to end-users. At that time, Plaintiff discovered two separate URLs containing products bearing infringing copies of Plaintiff's copyrighted works.

18. Plaintiff attempted to ascertain the name and address of Tee Shirt Palace's designated agent with the United States Copyright Office with the intention of submitting a takedown notice pursuant to the Digital Millennium Copyright Act ("DMCA").

19. It became clear to Plaintiff that Tee Shirt Palace did not designate an agent with the United States Copyright Office to receive takedown notices pursuant to the DMCA.

20. As of the date of filing this Complaint, Tee Shirt Palace still does not have a Designated Agent with the United States Copyright Office. Annexed hereto as **EXHIBIT A** are time stamped screen captures of the U.S. Copyright Office DMCA Designated Agent Directory for the search terms "www.teeshirtpalace.com," "Tee Shirt Palace," "TeeShirtPalace," "Sports and Custom Tees Inc." or "Sports and Custom Tees."

21. In her attempts to remove the infringing content on the Tee Shirt Palace Website, Plaintiff submitted a DMCA takedown notice to Fastly.com – the content delivery network behind the Tee Shirt Palace website. Fastly subsequently forwarded a copy of Plaintiff's DMCA takedown notice to Tee Shirt Palace. Annexed hereto as **EXHIBIT B** are communications between Plaintiff and Fastly, including Plaintiff's November 29, 2021 DMCA takedown notice.

22. One week later, Plaintiff discovered that the two infringing URLs remained active and available for purchase on the Tee Shirt Palace website. At that same time, Plaintiff discovered approximately twenty-five additional URLs containing apparel and merchandise bearing infringing copies of Plaintiff's copyrighted works and provided notice to Fastly of these URLs.

23. On December 8, 2021, Plaintiff discovered additional URLs containing apparel bearing infringing copies of Plaintiff's copyrighted works, including of the work "Fluffin' Meowgical."

24. Thereafter, on December 14, 2021, Plaintiff provided additional notice to Tee Shirt Palace, specifically itemizing the infringing URLs and demanding their immediate removal.

25. Following receipt of Plaintiff's notice, Defendant Tee Shirt Palace removed all but one of the infringing URLs. Annexed hereto as **EXHIBIT C** is a time stamped screen capture of the remaining infringing URL.

## CLAIMS RELATED TO PLAINTIFF'S DESIGN

## "COVEN OF TRASH WITCHES"

26. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for use, license and sale as a t-shirt design which was given the title "Coven of Trash Witches" (the "CTW Artwork"). The CTW Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

27. Plaintiff applied for a United States copyright registration for the CTW Artwork. The resulting U.S. Copyright Registration No. VA 2-163-988 has an effective date of August 12, 2019.

28. Prior to the acts complained of herein, Plaintiff posted the CTW Artwork in her online portfolio on DeviantArt.com and offered it for sale on t-shirts via websites including, but not limited to RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

29. Following Plaintiff's publication and distribution of products bearing the CTW Artwork, Plaintiff discovered apparel and merchandise bearing illegal reproductions of the CTW Artwork on the Tee Shirt Palace Website.

30. Upon information and belief, and without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, sold, manufactured, caused to be created, manufactured, imported and/or distributed, apparel and other products bearing designs which are identical to the CTW Artwork.

31. Directly below is the CTW Artwork:



32. Annexed hereto as **EXHBIT D** is a screen capture of but one of the many URLs on the Tee Shirt Palace Website containing infringing material and clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical to the CTW Artwork.

33. The exemplar contained in **EXHBIT D** is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a design that is substantially similar or identical to the CTW Artwork.

## CLAIMS RELATED TO PLAINTIFF'S DESIGN
## "FLUFFIN' MEOWGICAL"

34. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for use, license and sale as a t-shirt design which was given the title

"Fluffin' Meowgical" (the "FM Artwork"). The FM Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

35. Plaintiff applied for a United States copyright registration for the FM Artwork. The resulting U.S. Copyright Registration VA No. 2-179-490 has an effective date of November 24, 2019.

36. Prior to the acts complained of herein, Plaintiff posted the FM Artwork in her online portfolio on DeviantArt.com and offered it for sale on t-shirts via websites including, but not limited to RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

37. Following Plaintiff's publication and distribution of products bearing the FM Artwork, Plaintiff discovered apparel bearing illegal reproductions of the FM Artwork on the Tee Shirt Palace Website.

38. Upon information and belief, and without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, sold, manufactured, caused to be created, manufactured, imported and/or distributed, apparel and other products bearing designs which are identical to the FM Artwork.

39. Directly below is the FM Artwork:



40. Annexed hereto as **EXHBIT E** is a screen capture of one of the URLs on the Tee Shirt Palace Website containing infringing material and clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or strikingly similar to the FM Artwork.

41. The exemplar contained in **EXHBIT E** is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a design that is substantially similar or identical to the FM Artwork.

## CLAIMS RELATED TO PLAINTIFF'S DESIGN
## "MY EYES ARE UP HERE"

42. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for use, license and sale as a t-shirt design which was given the title "My Eyes Are Up Here" (the "Eyes Artwork").  The Eyes Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

43. Plaintiff applied for a United States copyright registration for the Eyes Artwork. The resulting U.S. Copyright Registration VA No. 2-145-132 has an effective date of March 2, 2019.

44. Prior to the acts complained of herein, Plaintiff posted the Eyes Artwork in her online portfolio on DeviantArt.com and offered it for sale on t-shirts via websites including, but not limited to RedBubble.com, TeePublic.com, NeatoShop.com, Threadless.com, and Society6.com.

45. Following Plaintiff's publication and distribution of products bearing the Eyes Artwork, Plaintiff discovered apparel bearing illegal reproductions of the Eyes Artwork on the Tee Shirt Palace Website.

46. Upon information and belief, and without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, sold, manufactured, caused to be created, manufactured, imported and/or distributed, apparel and other products bearing designs which are identical to the FM Artwork.

47. Directly below is the Eyes Artwork:



48. Annexed hereto as **EXHBIT F** is a screen capture of one of the URLs on the Tee Shirt Palace Website containing infringing material and clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical to the Eyes Artwork.

49. The exemplar contained in **EXHBIT F** is non-inclusive, and the allegations set forth herein are as to all products sold by Defendants, and each of them, that bear a design that is substantially similar or identical to the Eyes Artwork.

## DMCA SAFE HARBOR PROTECTION

50. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

51. Upon information and belief, Tee Shirt Palace functions in whole, or in part, as an online service provider who hosts content for third parties, and as such is an entity that may ordinarily be protected under the safe harbor provisions of the DMCA, 17 U.S.C. § 512.

52. Upon information and belief, Tee Shirt Palace has failed to comply with the statutory requirements of the DMCA, namely that it has failed to properly designate an agent with the U.S. Copyright Office, as required by 17 U.S.C. §512(c)(2).

53. Upon information and belief, Tee Shirt Palace can remove each URL containing infringing products that is hosted on its servers.

54. Upon information and belief, Tee Shirt Palace has failed to adopt a policy to address the termination of repeat infringers, and/or that it has failed to reasonably implement said policy.

55. Tee Shirt Palace, upon receiving a valid notification of copyright infringement, failed to act expeditiously to remove or disable access to infringing material.

56. Upon information and belief, Tee Shirt Palace had the right and ability to control the infringing activity that is the subject of this Complaint and also received a financial benefit directly attributable to the infringing activity.

57. For each of the aforementioned reasons, Tee Shirt Palace cannot claim protection under the DMCA's Safe Harbor as contemplated by 17 U.S.C. § 512.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

58. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

59. White is, and at all relevant times has been, the owner of the Subject Designs.

60. The Subject Designs are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

61. White has complied in all respects with the provisions and requirements of the Copyright Act.

62. White duly registered the copyrights in and to all of the Subject Designs with the United States Copyright Office prior to the acts complained of herein.

63. White has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Designs.

64. Without White's authorization, the Subject Designs were reproduced, distributed on apparel and merchandise, and were publicly displayed on the Tee Shirt Palace Website.

65. Upon information and belief, Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's online design portfolio located at DeviantArt.com; (b) access to the Subject Designs listed for sale on t-shirts on various websites by Plaintiff including, but not limited to, RedBubble.com, Threadless.com, and TeePublic.com; (c) access to illegally manufactured, imported and distributed copies of the Subject Designs by third-party vendors and/or the DOE Defendants, including without limitation international and/or overseas manufacturers and printing mills; and (d) t-shirts manufactured and sold to the public bearing items lawfully printed with the Subject Designs. Access is also established by the striking similarity between the Subject Designs and the corresponding artwork on Defendants', and each of their, infringing products.

66. Upon information and belief, one or more of the DOE Defendants has an ongoing business relationship with Tee Shirt Palace, and each of them, supplied products to Tee Shirt Palace with content that infringed the Subject Designs, and said content was identical or substantially similar to the Subject Designs, or an illegal derivation or modification thereof.

67. Upon information and belief, Tee Shirt Palace directly infringed Plaintiff's copyrights by unlawfully reproducing the Subject Designs on apparel and merchandise, and displayed, marketed, and promoted the infringing products on the Tee Shirt Palace Website, then sold and distributed the infringing products, all without White's authorization.

68. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling apparel and/or other products which infringe Plaintiff's rights to the Subject Designs.

69. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

70. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

71. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

72. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars

($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

73. Plaintiff claims all damages and remedies available under 17. U.S.C. §§504 and 505.

## SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement
–Against All Defendants, and Each)

74. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

75. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the Subject Designs as alleged herein.

76. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

77. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

78. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for its infringement of the Subject Designs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

79. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants
### With Respect to Each Claim for Relief

a. Against Defendants, and each of them, for willful copyright infringement;

b. Alternatively, against Defendants, and each of them, for copyright infringement;

c. Against Defendants, and each of them, for vicarious and contributory copyright infringement;

d. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those in and to the Subject Designs;

e. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, Plaintiff may elect statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, *et seq.*;

f. That Plaintiff be awarded its statutory damages and attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505, *et seq.*;

g. That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

h.  That Plaintiff be awarded the costs of this action;

i.  That Plaintiff be awarded pre-judgment interest as allowed by law; and

j.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Dated: February 3, 2022                                  Respectfully submitted,

By:

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
Danchuk Law LLC
2 Victoria Lane
Falmouth Maine 04105
207-464-0099
dmitry@emilyesquire.com
*Lead Counsel for Plaintiff*

/s/ Edmund Aronowitz
Edmund Aronowitz, Esq. (#P81474)
Aronowitz Law Firm, PLLC
220 S. Main St., Ste. 305
Royal Oak, Michigan 48067
248-716-5421
edmund@aronowitzlawfirm.com
*Local Counsel for Plaintiff*