**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

HILLARY WHITE, an individual,

Plaintiff,

v.

SPORTS AND CUSTOM TEES, INC. d/b/a Tee Shirt Palace, a Michigan Corporation; and DOES 1-10,

Defendants.

No. 2:22-cv-10218

Honorable Judith E. Levy

---

## DECLARATION OF YAFEEZ S. FATABHOY

Pursuant to 28 U.S.C. § 1746, I, Yafeez S. Fatabhoy, unless otherwise indicated, make the following statements based on personal knowledge, information and belief:

1. I am over eighteen years of age and I have personal knowledge of the facts set forth herein and I am competent to testify to the same.

2. I am an attorney at the firm of Dickinson Wright PLLC, and I am duly licensed to practice law in the State of Michigan.

3. I am counsel for Defendant, Sports and Custom Tees, Inc. d/b/a Tee Shirt Palace ("Tee Shirt Palace").

4. Tee Shirt Palace is a family owned business located in Southfield, Michigan.

5. Tee Shirt Palace's primary business involves the manufacturing and distribution of custom-printed apparel and trinkets.

6. As part of Tee Shirt Palace's business model, it allows third parties the ability to upload designs on its website which are then advertised to the public for sale. To the extent a consumer purchases a third parties design, the third party receives a portion of the proceeds. Tee Shirt Palace, however, does not sanction or approve of these designs.

7. When Dickinson Wright was retained by Tee Shirt Palace to defend this lawsuit, I spoke with Mr. Dmitry Lapin, Plaintiff's Counsel, and informed him that Tee Shirt Palace's sales of the Accused Productions were very low and that Tee Shirt Palace would be interested in quick resolution of this issue. Thus, I requested Plaintiff provide an initial Settlement Offer so that we may effectively negotiate resolution.

7. Attached to this Declaration as Appendix A is true and correct copy of a correspondence and accompanying attachment dated May 25, 2022 from Yafeez S. Fatabhoy.

8. Attached to this Declaration as Appendix B is true and correct copy of an email dated May 4, 2022, from Mr. Dmitry Lapin.

9. Attached to this Declaration as Appendix C is true and correct copy of an email dated May 24, 2022, from Yafeez S. Fatabhoy.

10. Attached to this Declaration as Appendix D is true and correct copy of an email dated May 26, 2022, from Kory M. Steen.

11. Attached to this Declaration as Appendix E is true and correct copy of an email dated June 3, 2022 from Yafeez S. Fatabhoy.

12 Attached to this Declaration as Appendix F is a true and correct copy of a correspondence dated June 6, 2022, from Ms. Emily Danchuk.

13. Attached to this Declaration as Appendix G is a true and correct copy of an email dated June 10, 2022, from Ms. Emily Danchuk.

14. Attached to this Declaration as Appendix H is a true and correct copy of Tee Shirt Palace's Sales of the "OMG Snek!" and "Street Cats" works.

15. Attached to this Declaration as Appendix I is a true and correct copy of an email dated June 14, 2022, from Ms. Emily Danchuk.

16. Attached to this Declaration as Appendix J is a true and correct copy of an email dated June 14, 2022, from Yafeez S. Fatabhoy.

17. Attached to this Declaration as Appendix K is a true and correct copy of an email dated June 15, 2022, from Ms. Emily Danchuk.

18. Attached to this Declaration as Appendix L is a true and correct copy of an email dated June 21, 2022, from Yafeez S. Fatabhoy.

19. Attached to this Declaration as Appendix M is a true and correct copy of an email dated June 21, 2022, from Yafeez S. Fatabhoy.

I declare under penalty of perjury that the foregoing is true and correct based on my personal knowledge, information, and belief.

Executed on: August 17, 2022 /s/ *Yafeez S. Fatabhoy*
Yafeez S. Fatabhoy (P83064)

4873-7772-2926 v1 [100364-100]

# Appendix A

DICKINSON WRIGHT PLLC

350 S. MAIN STREET, SUITE 300
ANN ARBOR, MI 48104
TELEPHONE: (248)205-3264
FACSIMILE: (844) 670-6009
http://www.dickinsonwright.com

YAFEEZ S. FATABHOY
YFatabhoy@dickinsonwright.com
(248)205-3264

May 25, 2022

Emily Danchuk
Danchuk Law, LLC
2 Victoria Lane
Falmouth, MA 04105

Edmund Aronowitz
Aronowitz Law Firm, PLLC
220 S. Main Street, Suite 305
Royal Oak, MI 48067

Re: *Hillary White v. Sports & Custom Tees, Inc. d/b/a Tee Shirt Palace, a Michigan Corporation, and Does 1 – 10*
U.S. Eastern District Court of Michigan, Case No. 2:22-cv-10218

Dear Counsel:

Pursuant to Federal Rule of Civil Procedure 68, attached is an Offer of Judgment ("Offer") from Defendant, Sports and Custom Tees Inc., d/b/a Tee Shirt Palace, to Plaintiff, Hillary White, in the above-styled litigation. As set forth below, Defendant believes this Offer is likely to exceed any sum Plaintiff could possibly receive on the claims brought in this action. It reflects numerous assumptions made solely for the purposes of this Offer which are to be used for no other purpose. These assumptions will not remain available to Plaintiff if this matter continues.

This Offer is made for purposes of Rule 68 and neither it nor any judgment entered hereon shall, in this or any other proceeding, be asserted or construed by Plaintiff, or any other person or entity, as an admission of any fact, legal conclusion or liability on the part of Defendants. However, evidence of this Offer shall be admissible in a proceeding to determine costs and attorneys' fees.

To assist you to confirm the clear sufficiency of this Offer, we set forth the methodology used to calculate the Offer as follows:

- Assumes Plaintiff will prevail on proving copyright infringement of her registered marks against Defendant;

- Assumes that Plaintiff will not be able to show sales beyond the three items actually sold on Defendant's website—attached hereto as Exhibit A;

- Assumes Plaintiff will elect statutory damages because, in no event, could actual damages exceed the total aggregate sales amount of the three items sold via Defendant's website, which totaled **$97.86** ($32.98 + $30.98 + $33.90);

- Assumes that Plaintiff will be denied any request for an award of discretionary attorney fees and costs because there is no basis for their assessment here.

Defendant believes this Offer will exceed any possible recovery on Plaintiff's claims. Defendant believes that it will prevail at trial in proving damages less than $5,000. Defendant therefore offers, by way of the accompanying Offer of Judgment, the total sum of $5,000.00 to Plaintiff, for all claims brought in this action. Because Defendant acted in good faith at all relevant times, there is no basis for an award of attorney fees—so none are offered.

Pursuant to Fed. R. Civ. P. 68, this Offer shall expire if not accepted by Plaintiff within fourteen (14) calendar days after service hereof. Finally, please note that, also in accordance with Rule 68, if Plaintiff obtains a final judgment that is less favorable than this Offer, Defendant will seek to recover all awardable costs incurred after this Offer was made—which, in copyright cases, includes attorney fees. Stated differently, and worth mentioning to your client, to the extent you fail to receive an award of at least $5,000, Defendant will, successfully, petition the Court for an award of all attorney fees incurred after this Offer expires. As I am sure you are well aware, this could be quite substantial–no doubt outweighing any award you may recover. *See Designworks Homes, Inc. v. Columbia House of Brokers Reality, Inc.,* (awarding attorney fees in the amount of $160,877 to prevailing Defendant in copyright infringement action).

This letter is inadmissible for any purpose, except Defendant reserves the right to submit it to the Court in support of its request for attorney fees, or in opposition to any application for attorneys' fees relating to your representation of Plaintiff.

We trust you will fully advise Plaintiff of this offer and give her an opportunity to accept it and terminate this lawsuit.

Yours very truly,

*/s/ Yafeez S. Fatabhoy*

DICKINSON WRIGHT PLLC

4891-9805-9297 v1 [100364-100]

1588959498

schauer.matt@gmail.com Edit

Status: complete

| Shipping Address | Billing Address |
| --- | --- |
| Matt Schauer | Matt Schauer |
| 6052159697 | 6052159697 |
| 3030 HOLMES AVE S UNIT 105 | 3030 HOLMES AVE S UNIT 105 |
| undefined | undefined |
| MINNEAPOLIS, MN 55408-5128 | MINNEAPOLIS, MN 55408-5128 |
| US Edit | US Edit |

## Order Items



Excuse Me My Eyes Are Up Here Skeleton Ladies Essential Tank

Sku: EMMEAUH38 -navy-2-ELT

| Color: navy | Size: M | Quantity: 1 | Price: 25.99 |
| --- | --- | --- | --- |

Label Printed: 4TLDE5PRN= true 11/18/2021 T-Shirt Printed: true

In Bin: False

Shipped: false

pieceID: 4TLDE5PRN front: true back: false

6196656cc5856c0b9c4ad1e4

## Order

| | |
| --- | --- |
| Product(s): | $25.99 |
| Discount: | $0.00 |
| Shipping: | $6.99 |
| Tax: | $0.00 |
| Restocking Fee: | $0.00 |
| Total: | $32.98 |
| Order Placed: | Wed Nov 17 2021 |

## Payment

| | |
| --- | --- |
| Payment Method: | Credit Card |

| | |
|---|---|
| Payment Processed: | true |
| Transaction ID: | gchnx2k3 |
| Payment Token: | null |
| CC Last 4: | 1627 |
| CC Expiration: | 11/2025 |
| Card Holder Name: | Matthew P Schauer |
| Customer Location: | None |
| Issuing Bank: | CAPITAL ONE BANK (U |
| Card Type: | MasterCard |
| Image: | |
| Other Trasactions | Refunds |

## Notes

| Name | Date | Note |
|---|---|---|

ADD NOTE

## Production

| | |
|---|---|
| Created: True | By: Danielle Hardy |
| Date Created: | N/A |
| Shipped: True | By: Danielle Hardy |
| Date Shipped: | 2021-11-18T20:16:38.367Z |
| Shipping Method: | Standard Edit |
| Shipping Method Trevco: | Standard Edit |
| Shipping Company: | N/A |
| Preship Order | |

## 3rd Party

| | |
|---|---|
| Failed To Trevco: | Edit |
| Trevco Message: | |
| Failed To Lynks: | |
| Lynks Message: | |

SEND TO TREVCO

## Tracking

See Tracking Page

| | |
|---|---|
| Shipped Thru: | Website |
| Tracking Number: | 9400116901527375929394 |
| Shipping Method: | USPS |
| Shipping cost: | $3.36 |
| Summery: | |

# 1743564603

## Brocklebjorn@gmail.com Edit

Status: complete

### Shipping Address

Lorraina Parramoure
3212856369
312 GENTLE BREEZE DR
undefined
MINNEOLA, FL 34715-5648
US Edit

### Billing Address

Bjorn Parramoure
3212856369
525 LILY TRL
undefined
INTERLACHEN, FL 32148-6876
US Edit

REFUND SHIPPING

### Order Items

Excuse Me My Eyes Are Up Here Skeleton Women's T-Shirt

Sku: EMMEAUH38 -black-2-WT

Color: black Size: M Quantity: 1 Price: 23.99

Label Printed: YBISD4QOL= true 9/23/2021 T-Shirt Printed: true In Bin: False

Shipped: false

pieceID: YBISD4QOL front: true back: false

5d9cab041a472f1047e3394d

pieceID: YBISD4QOL front: true back: false

5d9cab041a472f1047e3394d

### Order

| | |
|---|---|
| Product(s): | $23.99 |
| Discount: | $0.00 |
| Shipping: | $6.99 |
| Tax: | $0.00 |
| Restocking Fee: | $0.00 |
| Total: | $30.98 |
| Order Placed: | Thu Sep 23 2021 |

### Payment

| | |
|---|---|
| Payment Method: | Credit Card |
| Payment Processed: | true |
| Transaction ID: | q42y2pdf |
| Payment Token: | null |
| CC Last 4: | 5820 |
| CC Expiration: | 04/2023 |
| Card Holder Name: | Bjorn Parramoure |
| Customer Location: | None |
| Issuing Bank: | Aspiration |
| Card Type: | MasterCard |
| Image: | |

Other Trasactions Refunds

## Notes

| Name | Date | Note |
|---|---|---|

ADD NOTE

## Production

| | |
|---|---|
| Created: True | By: Michael Thero |
| Date Created: | N/A |
| Shipped: True | By: Michael Thero |
| Date Shipped: | 2021-09-24T17:04:02.811Z |
| Shipping Method: | Standard Edit |
| Shipping Method Trevco: | Standard Edit |
| Shipping Company: | N/A |

Preship Order

## 3rd Party

| | |
|---|---|
| Failed To Trevco: | Edit |
| Trevco Message: | |
| Failed To Lynks: | |
| Lynks Message: | |

SEND TO TREVCO

## Tracking

See Tracking Page

| | |
|---|---|
| Shipped Thru: | Website |
| Tracking Number: | 9400116901527375841955 |
| Shipping Method: | USPS |
| Shipping cost: | $3.57 |

# T861596524

kennamontei@gmail.com Edit

Status: shipped Mark Complete

| Shipping Address | Billing Address |
|---|---|
| Makenna Monteiro | Makenna Monteiro |
| 0000000000 | 0000000000 |
| 18615 Fairfield St | 18615 Fairfield St |
| Detroit, MI 48221 | Detroit, MI 48221 |
| US Edit | US Edit |

CANCEL ORDER

CANCEL ITEMS

REFUND SHIPPING

## Order Items

### Excuse Me My Eyes Are Up Here Skeleton Tie-Dye T-Shirt

Sku: EMMEAUH38 -purple-2-TDS

Color: purple Size: M Quantity: 1 Price: 25.99

RE-SHIP ITEM

Label Printed: 7821993= true 9/6/2021 T-Shirt Printed: true In Bin: False

Shipped: false

EDIT ITEMS

PRINT PRODUCTION LABELS

## Order

| | |
|---|---|
| Product(s): | $25.99 |
| Discount: | $0.00 |
| Shipping: | $5.99 |
| Tax: | $1.92 |
| Restocking Fee: | $0.00 |
| Total: | $33.90 |
| Order Placed: | Mon Sep 06 2021 |

## Payment

| | |
|---|---|
| Payment Method: | paypal oneclick |
| Payment Processed: | true |
| Transaction ID: | 3F125624XU107671X |
| | Refunds |
| Other Trasactions | |

## Notes

| Name | Date | Note |
|---|---|---|

ADD NOTE

## Production

| | |
|---|---|
| Created: True | By: Jeremy Katty |
| Date Created: | N/A |
| Shipped: True | By: Jeremy Katty |
| Date Shipped: | 2021-09-11T15:12:05.661Z |
| Shipping Method: | Standard Edit |
| Shipping Method Trevco: | Standard Edit |
| Shipping Company: | N/A |
| Preship Order | |

## 3rd Party

| | |
|---|---|
| Failed To Trevco: | Edit |
| Trevco Message: | |
| Failed To Lynks: | |
| Lynks Message: | |

SEND TO TREVCO

## Tracking

See Tracking Page

| | |
|---|---|
| Shipped Thru: | Website |
| Tracking Number: | 9400116901527375893558 |
| Shipping Method: | USPS |
| Shipping cost: | $3.46 |
| Summery: | undefined |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

HILLARY WHITE, an individual,

Plaintiff,

No. 2:22-cv-10218

v.

Honorable Judith E. Levy

SPORTS AND CUSTOM TEES, INC. d/b/a Tee Shirt Palace, a Michigan Corporation; and DOES 1-10,

Defendants.

---

**OFFER OF JUDGMENT PURSUANT TO FED. R. CIV. P. 68**

Defendant, Sports and Custom Tees Inc., d/b/a Tee Shirt Palace, by and through its attorneys Dickinson Wright PLLC, hereby submit this Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. This Offer of Judgment is subject to Federal Rule of Evidence 408 and expires 14 days after its service upon Plaintiff, Hillary White. If this Offer of Judgment is not timely accepted, Defendant will be seeking recompense of all costs incurred after this offer was made, which, in copyright cases, includes the payment of Defendant's attorney fees. *See* Fed. R. Civ. P. 68(d).

WHEREFORE, Defendant hereby offers to Plaintiff to allow entry of Judgement against it under the following terms:

1. **Liability.** Entry of a final Judgment and a finding of copyright infringement against Defendant, in favor of Plaintiff, for all copyright claims that have been, or could have been, asserted against Defendant in this action;

2. **Damages.** Entry of a final Judgment in the total, aggregate amount of $5,000.00 for all Plaintiff's claims;

3. **Post-Judgment.** Nothing in this Offer of Judgment shall be construed as Defendant acquiescing to post-judgment relief sought by Plaintiff, including, among other things, any petition by Plaintiff for attorney fees and costs under 17 U.S.C. § 505. Defendant will oppose any request for costs or attorney fees under the discretionary fee-shifting provisions promulgated by 17 U.S.C. § 505.

This Offer of Judgment is made for the purposes specified in Rule 68, only, and is not to be construed as either an admission that Defendant is liable in this action, nor that Plaintiff has suffered any damage. This Offer of Judgment shall not be filed with the Court unless (a) it is accepted, or (b) by Defendant, in a subsequent proceeding to determine costs under Rule 68(d).

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Yafeez S. Fatabhoy*
Yafeez S. Fatabhoy (P83064)
Dickinson Wright PLLC
350 South Main Street, Suite 300
Ann Arbor, MI 48104
yfatabhoy@dickinsonwright.com

# Appendix B

**Dawn M. Solis**

**From:** Dmitry Lapin <dmitry@emilyesquire.com>
**Sent:** Wednesday, May 4, 2022 9:27 AM
**To:** Yafeez S. Fatabhoy
**Subject:** EXTERNAL: White v. Sports & Custom Tees

Good morning Yafeez, I have a few things I wanted to bring up regarding this matter.

1) When we last spoke, I mentioned to you that there was one listing that remained active and available for purchase on your client's website. This listing, and all of its variations on other types of products, infringed upon Ms. White's rights to her work "Fluffin' Meowgical." Can you confirm the date it was removed?

2) My client just informed me that she discovered three listings on teeshirtpalace.com that infringe her rights to two additional works. The URLs, and proof of ownership, are below:

**Street Cats** (U.S. Copyright Reg. No. VA 2-145-686) - here is a link to the original artwork; the infringing listings can be found here:
a) https://www.teeshirtpalace.com/products/scs5396198-street-cats-street-cat-kids-t-shirt
b) https://www.teeshirtpalace.com/products/sc24872171-street-cats-2-copy-2-womens-crop-top-tee

**OMG! SNEAK!** - here is a link to the original artwork; the infringing listing can be found here:
a) https://www.teeshirtpalace.com/products/oso4139575-omg-snek-poster

*Please forward these infringing listings to your client for removal.*

3) Immediately prior to writing this email, I checked the DMCA Designated Agent Directory to see if your client had yet registered an agent with the U.S. Copyright Office. Still, your client has not registered an agent, as required under section 512 of the DMCA. As such, and specifically as it relates to the recently discovered infringements of "Street Cats," Ms. White is asserting additional claims of copyright infringement against your client. We intend to amend the complaint to include this artwork, should we not resolve this matter in a timely manner.

4) You also mentioned in our last conversation that sales on the originally itemized listings were low. If your client is interested in resolving this matter prior to engaging in formal discovery, please provide financial records concerning all sales, for all listings (including the two Street Cats listings provided in this email). I will then review and discuss with my client, then return with a settlement demand.

5) We also seek identification of all users that posted the infringing content, including names, addresses, contact information, etc. Please advise if your client is willing to provide his information without a subpoena. Otherwise, I will prepare and serve the subpoena for this information.

This is not a full recitation of all outstanding facts and legal issues, and nothing in this email is meant to be construed to waive or limit any rights, claims, or remedies.

--
Dmitry Lapin, Esq.

DANCHUK
LAW, LLC

NY Office: 244 Fifth Avenue, Suite E121
New York, NY 10001

ME Office: 2 Victoria Lane
Falmouth, ME 04105

p: 207-464-0099
e: dmitry@emilyesquire.com
w: www.emilyesquire.com

Admitted in New York, New Jersey, Maine, and Pennsylvania.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

# Appendix C

**Dawn M. Solis**

| | |
|---|---|
| **From:** | Yafeez S. Fatabhoy |
| **Sent:** | Tuesday, May 24, 2022 9:51 AM |
| **To:** | edmund@aronowitzlawfirm.com; Dmitry Lapin |
| **Cc:** | Kory M. Steen; Mark Jotanovic; Dawn M. Solis |
| **Subject:** | Hillary White v. Sports and Custom Tees, Inc. d/b/a Tee Shirt Palace, Case No. 5:22-cv-10218 |
| **Attachments:** | 4894-6139-3183 v4 Proposed Joint Discovery Plan.docx |

Counsel,

Pursuant to this Court's May 2, 2022 Order, Defendant Sports and Custom Tees, Inc. has prepared a Proposed Joint Discovery Plan, attached here. While Plaintiff is typically the party initially providing this, we feel it necessary to move this case along as expeditiously as possible so that the parties may proceed to discovery.

Please provide your availability, this week, for a Rule 26 conference. We can be generally available.

Thanks,
Yafeez

# Appendix D

**Dawn M. Solis**

| | |
|---|---|
| **From:** | Kory M. Steen |
| **Sent:** | Thursday, May 26, 2022 9:29 PM |
| **To:** | Emily Danchuk; Edmund Aronowitz |
| **Cc:** | Mark Jotanovic; Yafeez S. Fatabhoy; Dawn M. Solis |
| **Subject:** | White v. Sports and Custom Tees; 5:22-cv-10218 - Deposition Notice |
| **Attachments:** | 4895-1383-0946 v2 Notice of Deposition (Plaintiff).pdf |

Counsel,

The Sample Protective Order is fine, but it looks like the Sample Protective Order would need some slight modification/customization before being submitted to the Court (see, e.g., Section 4 / Alternatives A & B). Please send us a draft of your proposed version of Judge Levy's Sample Protective Order. In the meantime, we will review your redlines and aim to get you a finalized draft of the Proposed Joint Discovery Plan by tomorrow.

Also, since the Rule 26(f) conference has been conducted and discovery has now commenced, please find the attached Deposition Notice for Plaintiff's deposition in this case. The deposition is scheduled to take place after expiration of our Rule 68 Offer of Judgment.

Regards,

Kory Steen

**From:** Emily Danchuk <emily@emilyesquire.com>
**Sent:** Thursday, May 26, 2022 10:17 AM
**To:** Edmund Aronowitz <edmund@aronowitzlawfirm.com>; Kory M. Steen <KSteen@dickinson-wright.com>; Mark Jotanovic <MJotanovic@dickinson-wright.com>; Dawn M. Solis <DSolis@dickinson-wright.com>; Yafeez S. Fatabhoy <YFatabhoy@dickinson-wright.com>
**Subject:** EXTERNAL: White v. Sports and Custom Tees; 5:22-cv-10218 - Protective Order

Yafeez,

Thank you to you and your colleagues for the call this morning. I've had a chance to review Judge Levy's sample protective order and it seems very straightforward and comprehensive. I wonder if Defendants would be amenable to using that protective order here?

Attached are my pretty minor changes to the joint discovery plan. Let me know your thoughts.

Sincerely,
Emily Danchuk

Emily A. Danchuk, Esq.

ME Office: 2 Victoria Lane
Falmouth, ME 04105

NY Office: 244 Fifth Avenue, Suite E121
New York, NY 10001

direct: 207.747.4135
m: 917.400.1663
e: emily@emilyesquire.com
w: www.emilyesquire.com

Admitted in New York, Pennsylvania & Maine.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

**Kory M. Steen** Associate Attorney
500 Woodward Avenue
Suite 4000
Detroit MI 48226
Profile V-Card

Phone 313-223-3623
Fax 844-670-6009
Email KSteen@dickinsonwright.com

DICKINSON WRIGHT PLLC
ARIZONA CALIFORNIA FLORIDA ILLINOIS KENTUCKY MICHIGAN NEVADA OHIO TENNESSEE TEXAS WASHINGTON D.C. TORONTO

# Appendix E

## Dawn M. Solis

| | |
|---|---|
| **From:** | Yafeez S. Fatabhoy |
| **Sent:** | Friday, June 3, 2022 3:55 PM |
| **To:** | Emily Danchuk; Edmund Aronowitz |
| **Cc:** | Kory M. Steen; Mark Jotanovic; Dawn M. Solis |
| **Subject:** | White v. Sports and Custom Tees; 5:22-cv-10218 |
| **Attachments:** | Defendant's First Set of Discovery Requests 4858-6338-1027 v.1.pdf; 4861-8221-4435 v1 Cover Letter to First Set of Discovery Requests.pdf |

Counsel,

Please see the attached correspondence and First Set of Discovery Requests.

Thanks,
Yafeez

# Appendix F

MAINE
2 VICTORIA LANE
FALMOUTH, ME 04105

NEW YORK
SUITE E121
244 FIFTH AVENUE
NEW YORK, NY 10001

DANCHUK
LAW, LLC

EMILY A. DANCHUK, ESQ.

PENNSYLVANIA
FLOOR 2
21 S. 11TH STREET
PHILADELPHIA, PA 19107

**PRIVILEGED SETTLEMENT COMMUNICATIONS PURSUANT TO FRE 408**

**VIA EMAIL ONLY**

June 6, 2022

Yafeez S. Fatabhoy
Dickinson Wright PLLC
350 South Main St. Suite 300
Ann Arbor, MI 48104

Email: yfatabhoy@dickinsonwright.com

**RE: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218 – Rule 68 Offer // CEASE AND DESIST – THIRD NOTICE**

Dear Yafeez:

I write further to the Rule 68 offer made by Defendant in the above-captioned case on May 25, 2022. My client and I very much appreciate Sports and Custom Tees, Inc. d/b/a Tee Shirt Palace ("TSP") taking the initiative to commence settlement negotiations; we are hopeful that the parties can come to a resolution of this matter in short time. For the below reasoning, my client respectfully declines your Rule 68 offer of $5,000 in settlement of the instant litigation, *White v. Sports and Custom Tees, Inc. et al.,* but provides a counteroffer of settlement, detailed below.

## THIRD NOTICE TO CEASE AND DESIST

First and foremost, this letter serves as our third and formal cease and desist demand to your client for the removal of the following URLs from the website www.teeshirtpalace.com:

1. https://www.teeshirtpalace.com/products/scs5396198-street-cats-street-cat-kids-t-shirt
2. https://www.teeshirtpalace.com/products/sc24872171-street-cats-2-copy-2-womens-crop-top-tee
3. https://www.teeshirtpalace.com/products/oso4139575-omg-snek-poster

These three URLs offer product bearing unauthorized copies of Hillary White's artwork, in violation of 17 U.S.C. § 101 *et seq.* Ms. White has a valid (and timely obtained) copyright

registration for the artwork entitled *Street Cats* (USCO Reg. No. VA 2-145-686) and is the lawful owner of the artwork entitled *OMG Snek!* Links to the original artwork owned by Hillary White can be found here and here. These URLs continue to be on display and infringing product continues to be offered on the TSP Website.

I reiterate Dmitry Lapin's demand that the below three infringing URLs be removed from TSP's website:

1. https://www.teeshirtpalace.com/products/scs5396198-street-cats-street-cat-kids-t-shirt
2. https://www.teeshirtpalace.com/products/sc24872171-street-cats-2-copy-2-womens-crop-top-tee
3. https://www.teeshirtpalace.com/products/oso4139575-omg-snek-poster

and that all sales for these infringing products be reported to us as soon as is feasible. Should your client refuse to remove the URLs or to provide sales information for sold product, we will have no choice but to request the court's leave to amend the current complaint to include, at the very least, Ms. White's claim for willful copyright infringement of the *Street Cats* artwork.

I will expect your confirmation within **three (3) business days** (or **June 9, 2022**) that the URLs and infringing materials have been removed completely from TSP's website (the "TSP Website"). I will also expect your client to provide sales information for the same promptly. I trust that 'three times is a charm' and the URLs and infringing products will finally be removed from the TSP Website. If there is a certain issue with Ms. White's claims regarding these specific artworks that has prevented their removal, I welcome you to call me to discuss the same.

## RULE 68 OFFER / POSITION

In regard to your Rule 68 offer, I note your assertion that there is no basis for an assessment of attorney's fees in this case. We disagree.

17 U.S.C. § 505 states, "[I]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Under currently prevailing Supreme Court precedence, the Court held that attorney's fees for Title 17 cases should not be awarded "as a matter of course," but that the propriety of such an award should be determined by considering certain factors, dubbed "the Fogerty factors," on a case-by-case basis. See, e.g., *Southfield Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883 (6th Cir. 2004). The *Fogerty* factors include "frivolousness, motivation, objective unreasonableness (in both factual and legal case components) and *the need in particular circumstances to advance considerations of compensation and deterrence*." *Id.* (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986) (emphasis added).

Indeed, it has been held in the Sixth Circuit that attorney's fees are awarded regularly in copyright infringement cases. See *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007)(" In copyright infringement cases, attorney's fees are not awarded automatically. However, they are awarded routinely."). Regardless, there is no rule that an award of attorney's fees is only appropriate where a defendant acts in bad faith, as your letter suggests. However, we do not need to reach this determination of whether fees can be awarded in such a case because we seriously contest your assertion that TSP has acted reasonably or in good faith, as recounted below.

*The First Notice of Infringement*

Initially, Ms. White reported TSP's infringing content to Fastly, TSP's CDN (content delivery network) via DMCA notice on November 27, 2021. Fastly responded, advising that it forwarded Ms. White's DMCA notice to the "content provider" (your client). Despite being made aware of Ms. White's claims via Fastly's notice, TSP failed to take action and the URLs complained of remained on the TSP's website.

After waiting a few weeks for TSP to take action, Ms. White requested that our law firm send a cease and desist letter to TSP to demand the removal of the infringing product from the TSP Website. Dmitry Lapin duly sent a letter to TSP on December 14, 2021, advising that TSP was infringing three of Ms. White's copyrighted artwork designs. TSP's response was to take down URLs containing two of the three complained-of designs, leaving up one of the subject designs. Additionally, although Mr. Lapin requested the information in (1) – (6) below in his December 14th letter, none of it has been provided, to-date, by TSP[1].

1. The source from which TSP acquired the Subject Works, including without limitation any documents purporting to assign, license, or transfer to any rights in or to use the Subject Works;
2. The date on which the Subject Works were first posted, published, displayed, distributed, or otherwise exploited;
3. The name and contact information of the individual/entity responsible for publishing the Subject Works;
4. The revenues derived from the sales of all items incorporating the Subject Works;
5. All communications between [TSP] and any parties that were involved in providing to [TSP] the Subject Works, or any material bearing the Subject Works;
6. The URLs for all webpages that incorporate, in whole or in part, the Subject Works.

The final infringing artwork design remained up on the TSP Website until Plaintiff filed her complaint in this lawsuit in February 2022. Accordingly, it took your client over two months to remove the infringing URLs.

---

[1] Indeed, Mr. Lapin was requesting the information to avoid litigation; in his December 14, 2021 letter, he specifically states, "We hope to avoid filing a copyright infringement suit regarding this matter, which would name your company as a defendant. Should you cooperate and reach a reasonable resolution, we can avoid protracted litigation with your company."

*The Second Notice of Infringement*

On May 4, 2022 at 10:26 AM, Dmitry Lapin sent you email correspondence demanding that TSP remove the URLs for the three additional infringing product offerings[2]. In this email, he specifically requested that you advise your client of the infringing nature of the works and direct them to remove the infringing URLs. Then on May 12, 2022 at 8:07 AM, Dmitry Lapin sent you another email, following up on his May 4, 2022 demand email, to which he had not received a response. The May 4th email clearly identifies the original work and the infringing work (via links to both works), provides a copyright registration number for the *Street Cats* work and demands that you instruct your client to remove the infringing works. Copies of the May 4th and May 12th emails are attached for your ready reference. To date, these infringing URLs remain active on the TSP Website and neither Plaintiff nor Plaintiff's counsel (Mr. Lapin and/or myself) has received any response to, or cooperation with, these demands.

Obviously, Danchuk Law cannot contact TSP since the entity is represented by Dickinson Wright. Accordingly, and as we could not send correspondence directly to TSP, Mr. Lapin reached out to you – not once, but twice – to inform your client of its ongoing, harmful copyright infringement. The email correspondence sent by Mr. Lapin to you was never answered and the infringing URLs were never taken down.

We quite confidently take the position that your client's actions and omissions in this case do not constitute "good faith." Indeed, your client (a) failed to remove infringing content when notified through a DMCA notice (to Fastly and provided to TSP); (b) continued to display and sell product bearing one of the three original subject designs; (c) failed to provide any information regarding the nature of the infringing product (requested in the December 14th letter); (d) failed to remove further infringing URLs/product despite its counsel being advised of the same in two separate written communications. We do not believe that these facts disclose any scintilla of good faith or cooperation on the part of your client; indeed, not only was Ms. White required to file a lawsuit to get your client to remove all infringing product, but it appears she is going to be forced to amend her complaint to include these further infringing products that still remain active on the TSP Website despite notifying you – directly – of the same.

Moreover, in terms of serving a deterrent effect, it appears that TSP is no stranger to infringement; a brief PACER search discloses that this is the third lawsuit against TSP for intellectual property infringement.

In view of the foregoing, we believe that attorney's fees are quite warranted here and there are a few strong arguments in their favor. Accordingly, because Ms. White's attorney's fees are currently approximately $8,000, we provide TSP with a counteroffer of $12,000 in full and complete settlement of this matter. This financial settlement is conditioned on:

---

[2] See URLs referenced on page 1 noted as 1-3.

A. Your client's full cooperation with our demands set forth in our December 14, 2021, May 4, 2022, and May 12, 2022 correspondence, including but not limited to the removal of infringing content remaining on the TSP Website and providing relevant seller information;
B. Confirmation that sales resulting from the remaining infringing URLs do not exceed $200 in total; and

C. Establishment of a protocol through which Ms. White can effectively report infringing URLs to TSP for prompt removal.

Please note that this offer expires on Friday, June 10, 2022 at 5:00 pm EST. If our offer of settlement and conditions are acceptable, please advise. We are happy to produce and provide a settlement agreement for your consideration.

Finally, Ms. White will not be able to attend the noticed June 10, 2022 deposition, as she is on active jury duty until at least July 1, 2022. Ms. White must report for jury duty on June 6, 2022 and June 8, 2022 and must be available thereafter if she is picked for a jury. If you can please provide some dates in July for Ms. White's deposition, we will consider the same and find a date that works.

Should you want to discuss this matter, please contact me via email to set up a call. I will look forward to receiving written confirmation from you that the infringing URLs will be removed and sales information provided.

Hillary White reserves all rights.

Very truly yours,

*s/ Emily A. Danchuk*
Emily A. Danchuk

enc.

cc: Edmund Aronowitz (via email)
Mark A. Jotanovic (via email)
Kory M. Steen (via email)

Gmail **Dmitry Lapin <dmitry@emilyesquire.com>**

## White v. Sports & Custom Tees

3 messages

**Dmitry Lapin** <dmitry@emilyesquire.com> Wed, May 4, 2022 at 10:26 AM
To: "Yafeez S. Fatabhoy" <YFatabhoy@dickinson-wright.com>
Bcc: Hillary white <wytrab8@yahoo.com>

Good morning Yafeez, I have a few things I wanted to bring up regarding this matter.

1) When we last spoke, I mentioned to you that there was one listing that remained active and available for purchase on your client's website. This listing, and all of its variations on other types of products, infringed upon Ms. White's rights to her work "Fluffin' Meowgical." Can you confirm the date it was removed?

2) My client just informed me that she discovered three listings on teeshirtpalace.com that infringe her rights to two additional works. The URLs, and proof of ownership, are below:

**Street Cats** (U.S. Copyright Reg. No. VA 2-145-686) - here is a link to the original artwork; the infringing listings can be found here:
a) https://www.teeshirtpalace.com/products/scs5396198-street-cats-street-cat-kids-t-shirt
b) https://www.teeshirtpalace.com/products/sc24872171-street-cats-2-copy-2-womens-crop-top-tee

**OMG! SNEAK!** - here is a link to the original artwork; the infringing listing can be found here:
a) https://www.teeshirtpalace.com/products/oso4139575-omg-snek-poster

*Please forward these infringing listings to your client for removal.*

3) Immediately prior to writing this email, I checked the DMCA Designated Agent Directory to see if your client had yet registered an agent with the U.S. Copyright Office. Still, your client has not registered an agent, as required under section 512 of the DMCA. As such, and specifically as it relates to the recently discovered infringements of "Street Cats," Ms. White is asserting additional claims of copyright infringement against your client. We intend to amend the complaint to include this artwork, should we not resolve this matter in a timely manner.

4) You also mentioned in our last conversation that sales on the originally itemized listings were low. If your client is interested in resolving this matter prior to engaging in formal discovery, please provide financial records concerning all sales, for all listings (including the two Street Cats listings provided in this email). I will then review and discuss with my client, then return with a settlement demand.

5) We also seek identification of all users that posted the infringing content, including names, addresses, contact information, etc. Please advise if your client is willing to provide his information without a subpoena. Otherwise, I will prepare and serve the subpoena for this information.

This is not a full recitation of all outstanding facts and legal issues, and nothing in this email is meant to be construed to waive or limit any rights, claims, or remedies.

--
Dmitry Lapin, Esq.

DANCHUK
LAW, LLC

NY Office: 244 Fifth Avenue, Suite E121
New York, NY 10001

ME Office: 2 Victoria Lane
Falmouth, ME 04105

Gmail

**Dmitry Lapin <dmitry@emilyesquire.com>**

## White v. Sports & Custom Tees

**Dmitry Lapin** <dmitry@emilyesquire.com> Thu, May 12, 2022 at 8:07 AM
To: "Yafeez S. Fatabhoy" <YFatabhoy@dickinson-wright.com>
Cc: Emily Danchuk <emily@emilyesquire.com>
Bcc: Hillary white <wytrab8@yahoo.com>

Yafeez - it has been over a week since my last email and I have not heard back from you. Moreover, the three infringing listings remain active and available on your client's website. I am reiterating the demand for removal of the infringing content.

Also, today is my last today at this firm. Emily Danchuk (cc'd here) will be taking over the handling of the matter. If your client has any interest in resolving this matter, including the infringements that continue to be available on their website, I suggest you contact Emily with the information previously requested in my 5/4/22 email.

On Wed, May 4, 2022 at 10:26 AM Dmitry Lapin <dmitry@emilyesquire.com> wrote:
[Quoted text hidden]
[Quoted text hidden]

# Appendix G

**Dawn M. Solis**

**From:** Emily Danchuk <emily@emilyesquire.com>
**Sent:** Friday, June 10, 2022 2:47 PM
**To:** Yafeez S. Fatabhoy
**Cc:** Kory M. Steen; Mark Jotanovic; Edmund Aronowitz
**Subject:** Re: EXTERNAL: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218 – Rule 68 Offer // CEASE AND DESIST – THIRD NOTICE

Yafeez,

Just to confirm, your client has stated to you that it made not one single sale of any of the products listed in the below URLs:

https://www.teeshirtpalace.com/products/scs5396198-street-cats-street-cat-kids-t-shirt
https://www.teeshirtpalace.com/products/sc24872171-street-cats-2-copy-2-womens-crop-top-tee
https://www.teeshirtpalace.com/products/oso4139575-omg-snek-poster

Please advise at your earliest convenience.

Thank you,
Emily Danchuk

Emily A. Danchuk, Esq.

DANCHUK
LAW, LLC

ME Office: 2 Victoria Lane
Falmouth, ME 04105

NY Office: 244 Fifth Avenue, Suite E121
New York, NY 10001

direct: 207.747.4135
m: 917.400.1663
e: emily@emilyesquire.com
w: www.emilyesquire.com

Admitted in New York, Pennsylvania & Maine.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

On Fri, Jun 10, 2022 at 3:32 PM Yafeez S. Fatabhoy <YFatabhoy@dickinson-wright.com> wrote:

Emily,

Thank you for the counteroffer. As an initial point, my client has informed me that the items referenced in your letter (*i.e.* U.S. Copyright Reg. No. VA-2-145-686 and "OMG SNEK!") have been taken down. My client also informs me that there were absolutely no sales made in connection with these drawings. With that said, I assume those issues are taken care of.

With regards to your reasons for why $12,000 is a more appropriate settlement figure, we obviously disagree with a quite a few underlying assertions; namely, that any infringement (to the extent there is any) was willful. As we explained previously, my client does not manufacture or upload these images (rather, third parties do), and when my client was informed of this issue they promptly took down the listings. These facts, we are confident, negate any willfulness (and we believe a jury would agree). Moreover, to the extent you include attorney fees in your valuation, the copyright statute provides a ***discretionary*** award of fees. That is, you would have to show that this is such an egregious situation that the Court should award fees, which is not something that Courts do often. In contrast, in light of our Rule 68 Offer, if we show damages of less than $5,000 at trial (which, given the extremely low volume of sales we made, is likely), our attorneys' fees ***must*** be assessed against your client.

Accordingly, a $12,000 offer is simply not acceptable. Indeed, my client is willing to pay 10x that amount in attorney fees to send a message to the copyright community to deter other copyright trolls from disrupting his business. To that end, although the Rule 68 Offer has expired (so we are under no obligation to honor it), my client will leave it open for an additional week (expiring June 15, 2022). Frankly, a *de minimis* Rule 68 Judgment appearing on the docket is the only way my client will settle this case, so that any future copyright shakedowns by others will be deterred by his obvious willingness to fight and refusal to settle for an amount that makes any lawsuit worthwhile.

To the extent the Rule 68 Offer is not acceptable, please provide availability for your client's deposition. I trust that there has been a decision on her jury duty obligations, and she will be available to appear for a deposition shortly. As you know, the discovery due dates in this matter are tight, so my firm has no choice but to proceed aggressively in the event our Rule 68 Offer is unacceptable.

Regards,

Yafeez

**From:** Emily Danchuk <emily@emilyesquire.com>
**Sent:** Monday, June 6, 2022 8:00 AM
**To:** Yafeez S. Fatabhoy <YFatabhoy@dickinson-wright.com>
**Cc:** Kory M. Steen <KSteen@dickinson-wright.com>; Mark Jotanovic <MJotanovic@dickinson-wright.com>; Edmund Aronowitz <edmund@aronowitzlawfirm.com>
**Subject:** EXTERNAL: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218 – Rule 68 Offer // CEASE AND DESIST – THIRD NOTICE

Yafeez,

I hope you had a good weekend. Please see attached; I look forward to your response.

Sincerely,

Emily Danchuk

Emily A. Danchuk, Esq.

DANCHUK
LAW, LLC

ME Office: 2 Victoria Lane

Falmouth, ME 04105

NY Office: 244 Fifth Avenue, Suite E121

New York, NY 10001

direct: 207.747.4135

m: 917.400.1663

e: emily@emilyesquire.com

w: www.emilyesquire.com

Admitted in New York, Pennsylvania & Maine.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

*For docketing purposes of patent & trademark matters only*, please add the appropriate email of dwpatents@dickinson-wright.com or dwtrademarks@dickinson-wright.com to any emails being sent to our office. Thank you.

**Yafeez S. Fatabhoy** Attorney

350 S. Main Street
Suite 300
Ann Arbor MI 48104

Phone 248-205-3264
Fax 844-670-6009
Email YFatabhoy@dickinsonwright.com

DICKINSON WRIGHT PLLC
ARIZONA CALIFORNIA FLORIDA ILLINOIS KENTUCKY MICHIGAN NEVADA
OHIO TENNESSEE TEXAS WASHINGTON D.C. TORONTO

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

# Appendix H

# T786182296

jessandrews24@yahoo.com Edit

Status: complete

**Shipping Address**

jessica andrews
(207)407-4376
67 Gary l Maietta parkway unit 2
undefined
SOUTH PORTLAND, ME 04106-7819
US Edit

**Billing Address**

jessica andrews
(207)407-4376
67 Gary l Maietta parkway unit 2
undefined
SOUTH PORTLAND, ME 04106-7819
US Edit

CANCEL ORDER

CANCEL ITEMS

REFUND SHIPPING

**Order Items**




Street Cats 2 Copy 2 Women's Crop Top Tee

Sku: SC24872171-sportgrey-1-WCT

Color: sportgrey | Size: S | Quantity: 1 | Price: 24.99

RE-SHIP ITEM

Label Printed: | T-Shirt Printed: true | In Bin: False

BFPIK2Y - 5/31/2022

Full Quality Image

Shipped: false

Change Front Image Choose File No file chosen

EDIT ITEMS

PRINT PRODUCTION LABELS

**Order**

| | |
|---|---|
| Product(s): | $24.99 |
| Discount: | $-0.00 |
| Shipping: | $6.99 |
| Tax: | $0.00 |
| Restocking Fee: | $0.00 |
| Shipping Cost: | $-3.48 |
| Total: | $28.50 |
| Order Placed: | Thu May 26 2022 |

Paid To Store: $3.75

**Payment**

| | |
|---|---|
| Payment Method: | Credit Card |
| Payment Processed: | true |
| Transaction ID: | 4xn7jfs7 |
| Payment Token: | null |
| CC Last 4: | 8720 |
| CC Expiration: | 04/2024 |
| Card Holder Name: | Jessica l andrews |
| Customer Location: | None |
| Issuing Bank: | BANGOR SAVINGS BANK |
| Card Type: | MasterCard |
| Image: | |

Other Trasactions

Refunds

**Notes**

| Name | Date | Note |
|---|---|---|

ADD NOTE

**Production**

| | |
|---|---|
| Created: True | By: undefined undefined |
| Date Created: | N/A |
| Shipped: True | By: undefined undefined |
| Date Shipped: | 2022-06-01T14:05:12.632Z |
| Shipping Method: | Standard Edit |
| Shipping Method Trevco: | Standard Edit |
| Shipping Company: | N/A |
| Preship Order | pre-shiped: false Edit |

**3rd Party**

| | |
|---|---|
| Failed To Trevco: | Edit |
| Trevco Message: | |
| Failed To Lynks: | |
| Lynks Message: | |

SEND TO TREVCO

**Tracking**

See Tracking Page

| | |
|---|---|
| Shipped Thru: | Website |
| Tracking Number: | 9400116901527375848060 |
| Shipping Method: | USPS |
| Shipping cost: | $3.48 |
| Summery: | Your item was delivered in or at the mailbox at 12:48 pm on June 3, 2022 in SOUTH PORTLAND, ME 04106. |

Reprintlabel

Scans

*Out for Delivery, 06/03/2022, 6:10 am, SOUTH PORTLAND, ME 04106
*Arrived at Post Office, 06/03/2022, 4:31 am, SCARBOROUGH, ME 04074
*Arrived at USPS Regional Destination Facility, 06/03/2022, 2:33 am, SOUTHERN ME DISTRIBUTION CENTER
*In Transit to Next Facility, 06/02/2022
*Arrived at USPS Regional Origin Facility, 06/01/2022, 4:50 pm, DETROIT MI NETWORK DISTRIBUTION CENTER
*Accepted at USPS Regional Facility, June 1, 2022, 3:50 pm, DETROIT MI NETWORK DISTRIBUTION CENTER
*Shipping Label Created, USPS Awaiting Item, June 1, 2022, 2:05 pm, SOUTHFIELD, MI 48075

# T980261969

valobrien26@gmail.com Edit

Status: complete

**Shipping Address**

Valerie E O'Brien
(815)997-7032
2004 S George Huff Dr.
undefined
URBANA, IL 61801-6204
US Edit

**Billing Address**

Valerie E O'Brien
(815)997-7032
2004 S George Huff Dr.
undefined
URBANA, IL 61801-6204
US Edit

CANCEL ORDER

CANCEL ITEMS

REFUND SHIPPING

**Order Items**




Full Quality Image

Street Cats Street Cat Baby Bodysuit

Sku: SCS5396198-aqua-2-SS

Color: aqua | Size: 6 months | Quantity: 1 | Price: 19.99

RE-SHIP ITEM

Label Printed: | T-Shirt Printed: true | In Bin: False

QTXDE2J - 6/6/2022

Shipped: false

Change Front Image Choose File No file chosen

EDIT ITEMS

PRINT PRODUCTION LABELS

**Order**

| | |
|---|---|
| Product(s): | $19.99 |
| Discount: | $-3.00 |
| Shipping: | $6.99 |
| Tax: | $0.00 |
| Restocking Fee: | $0.00 |
| Shipping Cost: | $-3.39 |
| Total: | $20.59 |
| Order Placed: | Sun Jun 05 2022 |

Paid To Store: $3.00

**Payment**

| | |
|---|---|
| Payment Method: | Credit Card |
| Payment Processed: | true |
| Transaction ID: | blxsbjgf |
| Payment Token: | null |
| CC Last 4: | 2052 |
| CC Expiration: | 06/2023 |
| Card Holder Name: | Valerie E OBrien |
| Customer Location: | None |
| Issuing Bank: | CITIBANK N.A. |
| Card Type: | MasterCard |
| Image: | |

Other Trasactions Refunds

**Notes**

| Name | Date | Note |
|---|---|---|

ADD NOTE

**Production**

| | |
|---|---|
| Created: True | By: undefined undefined |
| Date Created: | N/A |
| Shipped: True | By: undefined undefined |
| Date Shipped: | 2022-06-09T15:31:23.259Z |
| Shipping Method: | Standard Edit |
| Shipping Method Trevco: | Standard Edit |
| Shipping Company: | N/A |
| Preship Order | pre-shiped: false Edit |

**3rd Party**

| | |
|---|---|
| Failed To Trevco: | Edit |
| Trevco Message: | |
| Failed To Lynks: | |
| Lynks Message: | |

SEND TO TREVCO

**Tracking**

See Tracking Page

| | |
|---|---|
| Shipped Thru: | Website |
| Tracking Number: | 9400116901527375409667 |
| Shipping Method: | USPS |
| Shipping cost: | $3.39 |
| Summery: | Your item was delivered in or at the mailbox at 2:37 pm on June 11, 2022 in URBANA, IL 61801. |

Reprintlabel

Scans

*Out for Delivery, 06/11/2022, 7:13 am, URBANA, IL 61801
*Arrived at Post Office, 06/11/2022, 7:02 am, URBANA, IL 61802
*Arrived at USPS Facility, June 11, 2022, 5:03 am, URBANA, IL 61802
*Departed USPS Regional Facility, 06/11/2022, 4:34 am, CHAMPAIGN IL DISTRIBUTION CENTER
*Arrived at USPS Regional Facility, June 10, 2022, 1:23 pm, CHAMPAIGN IL DISTRIBUTION CENTER
*Departed USPS Facility, 06/10/2022, 11:47 am, INDIANAPOLIS, IN 46242
*Arrived at USPS Facility, June 10, 2022, 8:45 am, INDIANAPOLIS, IN 46242
*Departed USPS Regional Facility, June 10, 2022, 12:33 am, DETROIT MI NETWORK DISTRIBUTION CENTER
*Arrived at USPS Regional Origin Facility, 06/09/2022, 5:46 pm, DETROIT MI NETWORK DISTRIBUTION CENTER
*Accepted at USPS Regional Facility, June 9, 2022, 4:46 pm, DETROIT MI NETWORK DISTRIBUTION CENTER
*Shipping Label Created, USPS Awaiting Item, June 9, 2022, 3:31 pm, SOUTHFIELD, MI 48075

# T118699440

jessandrews24@yahoo.com Edit

Status: complete

### Shipping Address

jessica andrews
(207)408-4376
67 Gary I Maietta parkway unit 2
undefined
SOUTH PORTLAND, ME 04106-7819
US Edit

### Billing Address

jessica andrews
(207)408-4376
67 Gary I Maietta parkway unit 2
undefined
SOUTH PORTLAND, ME 04106-7819
US Edit

CANCEL ORDER

CANCEL ITEMS

REFUND SHIPPING

### Order Items




Omg! Snek! Poster

Sku: OSO4139575-navy-12x17-POST

Color: navy Size: 12x17 Quantity: 1 Price: 11.95

RE-SHIP ITEM

Label Printed: T-Shirt Printed: true In Bin: False

28SQYYE - 5/27/2022

Full Quality Image

Shipped: false

Change Front Image Choose File No file chosen

EDIT ITEMS

PRINT PRODUCTION LABELS

### Order

| | |
|---|---|
| Product(s): | $11.95 |
| Discount: | $-0.00 |
| Shipping: | $6.99 |
| Tax: | $0.00 |
| Restocking Fee: | $0.00 |
| Shipping Cost: | $-3.48 |
| Total: | $15.46 |
| Order Placed: | Thu May 26 2022 |

Paid To Store: $1.79

### Payment

| | |
|---|---|
| Payment Method: | Credit Card |
| Payment Processed: | true |
| Transaction ID: | ed2myq89 |
| Payment Token: | null |
| CC Last 4: | 8720 |
| CC Expiration: | 04/2024 |
| Card Holder Name: | jessica l andrews |
| Customer Location: | None |
| Issuing Bank: | BANGOR SAVINGS BANK |
| Card Type: | MasterCard |
| Image: | |

Other Trasactions Refunds

### Notes

| Name | Date | Note |
|---|---|---|

ADD NOTE

### Production

| | |
|---|---|
| Created: True | By: undefined undefined |
| Date Created: | N/A |
| Shipped: True | By: undefined undefined |
| Date Shipped: | 2022-05-27T12:49:32.929Z |
| Shipping Method: | Standard Edit |
| Shipping Method Trevco: | Standard Edit |
| Shipping Company: | N/A |
| Preship Order | pre-shiped: false Edit |

### 3rd Party

| | |
|---|---|
| Failed To Trevco: | Edit |
| Trevco Message: | |
| Failed To Lynks: | |
| Lynks Message: | |

SEND TO TREVCO

### Tracking

See Tracking Page

| | |
|---|---|
| Shipped Thru: | Website |
| Tracking Number: | 9400116901527375859110 |
| Shipping Method: | USPS |
| Shipping cost: | $3.48 |
| Summery: | Your item was delivered in or at the mailbox at 12:48 pm on June 3, 2022 in SOUTH PORTLAND, ME 04106. |

Reprintlabel

Scans

*Out for Delivery, 06/03/2022, 6:57 am, SOUTH PORTLAND, ME 04106
*Arrived at Post Office, 06/03/2022, 6:46 am, SCARBOROUGH, ME 04074
*Shipping Label Created, USPS Awaiting Item, May 27, 2022, 12:49 pm, SOUTHFIELD, MI 48075

# T657153156

jessandrews24@yahoo.com Edit

Status: complete

**Shipping Address**

jessica andrews
(207)408-4376
67 Gary l Maietta parkway unit 2
undefined
SOUTH PORTLAND, ME 04106-7819
US Edit

**Billing Address**

jessica andrews
(207)408-4376
67 Gary l Maietta parkway unit 2
undefined
SOUTH PORTLAND, ME 04106-7819
US Edit

CANCEL ORDER

CANCEL ITEMS

REFUND SHIPPING

**Order Items**



Street Cats Street Cat Kids T-Shirt

Sku: SCS5396198-navy-1-YT

Color: navy | Size: S | Quantity: 1 | Price: 19.99

RE-SHIP ITEM

Label Printed: | T-Shirt Printed: true | In Bin: False

T0UCX4 - 5/27/2022

Full Quality Image

Shipped: false

Change Front Image Choose File No file chosen

EDIT ITEMS

PRINT PRODUCTION LABELS

**Order**

| | |
|---|---|
| Product(s): | $19.99 |
| Discount: | $-0.00 |
| Shipping: | $6.99 |
| Tax: | $0.00 |
| Restocking Fee: | $0.00 |
| Shipping Cost: | $-3.87 |
| Total: | $23.11 |
| Order Placed: | Thu May 26 2022 |

Paid To Store: $3.00

**Payment**

| | |
|---|---|
| Payment Method: | Credit Card |
| Payment Processed: | true |
| Transaction ID: | n496fbbb |
| Payment Token: | null |
| CC Last 4: | 8720 |
| CC Expiration: | 04/2024 |
| Card Holder Name: | Jessica L andrews |
| Customer Location: | None |
| Issuing Bank: | BANGOR SAVINGS BANK |
| Card Type: | MasterCard |
| Image: | |

Other Trasactions | Refunds

**Notes**

| Name | Date | Note |
|---|---|---|

ADD NOTE

**Production**

| | |
|---|---|
| Created: True | By: undefined undefined |
| Date Created: | N/A |
| Shipped: True | By: undefined undefined |
| Date Shipped: | 2022-05-27T13:42:15.857Z |
| Shipping Method: | Standard Edit |
| Shipping Method Trevco: | Standard Edit |
| Shipping Company: | N/A |
| Preship Order | pre-shiped: false Edit |

**3rd Party**

| | |
|---|---|
| Failed To Trevco: | Edit |
| Trevco Message: | |
| Failed To Lynks: | |
| Lynks Message: | |

SEND TO TREVCO

**Tracking**

See Tracking Page

| | |
|---|---|
| Shipped Thru: | Website |
| Tracking Number: | 9400111690152737585403O |
| Shipping Method: | USPS |
| Shipping cost: | $3.87 |
| Summery: | Your item was delivered in or at the mailbox at 1:54 pm on May 31, 2022 in SOUTH PORTLAND, ME 04106. |

Reprintlabel

Scans

*Out for Delivery, 05/31/2022, 6:10 am, SOUTH PORTLAND, ME 04106
*Arrived at Hub, May 30, 2022, 6:20 am, SCARBOROUGH, ME 04074
*Arrived at USPS Regional Destination Facility, 05/29/2022, 3:35 am, SOUTHERN ME DISTRIBUTION CENTER
*In Transit to Next Facility, 05/28/2022
*Arrived at USPS Regional Origin Facility, 05/27/2022, 4:46 pm, DETROIT MI NETWORK DISTRIBUTION CENTER
*Accepted at USPS Regional Facility, May 27, 2022, 3:46 pm, DETROIT MI NETWORK DISTRIBUTION CENTER
*Shipping Label Created, USPS Awaiting Item, May 27, 2022, 1:42 pm, SOUTHFIELD, MI 48075

# Appendix I

**Dawn M. Solis**

**From:** Emily Danchuk <emily@emilyesquire.com>
**Sent:** Tuesday, June 14, 2022 12:41 PM
**To:** Yafeez S. Fatabhoy; Kory M. Steen; Mark Jotanovic; Edmund Aronowitz
**Subject:** EXTERNAL: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218
**Attachments:** Final White v TSP Initial Disclosures.pdf

Yafeez,

Attached please find a courtesy copy of Plaintiff's Rule 26(a)(1) Initial Disclosures which are also being served via U.S. mail.

My client remains interested in Defendant's Rule 68 offer of judgment and extension ("Offer") and settlement of this case, but we note that there are several deficiencies in the Offer; first, it appears that service of the Offer was not properly effected. There is no confirmation of method of service and it appears that the Offer was only sent via email and not properly served. Second, a Rule 68 offer is considered rejected upon expiration of the 14-day period, and Rule 68 offers cannot be "extended" by certain amounts of time; your second "offer" would require Defendant to make a second separate and discrete Rule 68 offer with a new 14-day period in which Plaintiff may accept the offer. Accordingly, if Defendant still intends for a Rule 68 offer to have been validly made, we will need reissuance and service of a new Rule 68 offer to accept the same.

We also wonder if Defendant's Notice of Deposition and First Set of Requests were improperly served via email as well. From my review of the file and Ed's recollection, we cannot find that the parties' counsel consented in writing to electronic service pursuant to Fed.R.Civ.P. Rule 5(b)(2)(E). If you indeed have a signed consent, please forward to us for our files. If there is no signed consent, please advise if your client is amenable to e-service and we will prepare a written agreement for your execution for the commencement of e-service. In the meantime, however, we will expect proper service of these documents on Plaintiff, which has not yet occurred.

In response to your request regarding Hillary White's deposition, we would ask that Ms. White be permitted to attend her deposition virtually. Currently, Covid is still a threat and we see no real reason to subject Plaintiff and her counsel to risks from travelling for the deposition. Alternatively, if your client is not amenable to Ms. White's virtual deposition, please advise on dates on which we may take the depositions of: (a) the corporation's designated 30(b)(6) deponent; (b) Mr. Sal Kitty and (c) Yafeez Fatabhoy. Ms. White's availability for deposition is as follows: July and August are generally open for Ms. White's deposition. I will be travelling on the following dates: July 1st through July 11th and the first week in August. I have not yet confirmed availability of these dates with Ed Aronowitz who will need to attend. Once you confirm which dates work for your client, we can nail down the dates for depositions. If no dates work for both you and your client, we may want to consider asking Judge Levy for an extension of the discovery deadline.

Finally, with regard to sales of the three URL products, my request for confirmation of what your client stated should not require any "deep dives" or substantive consideration; either your client did or didn't confirm with you that there were no sales of the product. Respectfully, this is a yes or no question that shouldn't require days of contemplation.

I look forward to receiving your comprehensive response.

Sincerely,
Emily Danchuk

Emily A. Danchuk, Esq.

DANCHUK
LAW, LLC

ME Office: 2 Victoria Lane
Falmouth, ME 04105

NY Office: 244 Fifth Avenue, Suite E121
New York, NY 10001

direct: 207.747.4135
m: 917.400.1663
e: emily@emilyesquire.com
w: www.emilyesquire.com

Admitted in New York, Pennsylvania & Maine.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

# Appendix J

**Dawn M. Solis**

| | |
|---|---|
| **From:** | Yafeez S. Fatabhoy |
| **Sent:** | Tuesday, June 14, 2022 9:13 PM |
| **To:** | Emily Danchuk; Edmund Aronowitz |
| **Cc:** | Dawn M. Solis; Mark Jotanovic; Kory M. Steen |
| **Subject:** | RE: EXTERNAL: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218 |
| **Attachments:** | Defendant Initial Disclosures.pdf |

Emily,

Attached are Defendant's Rule 26 Initial Disclosures. I am sending a copy by regular mail, as well, given your reliance on Fed. R. Civ. P. 5(b)(2)(E). I have never encountered an opposing party who has asked for traditional service via mail. It is common practice (and usually implicit) in communications amongst seasoned litigators to waive such formalities and correspond via email. Frankly, your request that we strictly conform to arbitrary formalities suggests gamesmanship. Indeed, your request seems wholly arbitrary given that both parties have been utilizing emails and all our prior correspondence have been exchanged via email (which includes numerous letters you have sent to me (including the one last Monday)). Is it truly your intent to refuse service of discovery papers via email? Please let us know so we can act accordingly. In the meantime, we expect that you sent your initial disclosures via mail as well, since you've made the point of raising the absence of a Rule 5(2)(2)(E) consent agreement.

**Rule 68 Offer**

Consistent with the above, your suggestion that our Rule 68 Offer is "deficient" is illogical and seemingly hyper-technical beyond reason. We disagree that the Court would deem our Rule 68 Offer as null and void on the basis of your Rule 5 argument. As discussed above, both parties have been freely communicating via email and any suggestion that there was no tacit agreement to communicate electronically is disingenuous. Also, to the extent you claim that our Rule 68 Offer has expired, you would be correct, had Defendant not offered to extend it. We are unaware of an authority (and you have proffered none) that says the parties cannot agree to hold open a Rule 68 Offer for longer than the 14 day default expiration period. Indeed, basic contract law states that the offeror (Defendant) controls the terms of the offer. In other words, Defendant has the ability to open its offer for a longer period, if it so chooses. In any event, to avoid a further dispute here, Defendant will reserve its Rule 68 Offer this week and send a copy via mail to your offices, which will hold open the offer an additional 14 days in the hopes we can settle this case.

**Service of Deposition Notice and RFP**

Keeping in mind the above (*i.e.* that the parties have been communicating via email, which includes *inter alia* exchange of the Rule 68 Offer, the Rule 26(f) discovery plan, and Defendants' discovery requests and deposition notice, without any Plaintiff objection until now) your claim that the Deposition Notice and RFPs were somehow not effectively served is incredulous. Indeed, your letter, of last Monday, responds to our Deposition Notice without raising any service objections and provides certain conflicts pertaining to your client's availability, of which we worked with you to try and find a suitable date. Now, at the eleventh hour, and for what appears to be Plaintiff engaging in more gamesmanship, you claim that service is ineffective. If you insist on traditional service methods via mail upon counsel, we can resend the Deposition Notice and Discovery Requests but will not tolerate delays attributed to your purported "defective service" argument as

we are confident that, in response to a motion to compel, the Judge will deem this argument to have been waived given the history of correspondence between counsel.

**Ms. White's Deposition**

As of right now, we are not willing to agree to deposition by virtual means. Your client filed suit in the Eastern District of Michigan, and we are entitled to depose the named plaintiff, and "purported creator" of the copyrights at issue in this venue. As I am sure you are aware, many courts have returned to in-person hearings and trials (so when you filed this suit you must have known that she may need to travel to Michigan for an eventual trial). Vaccination rates are great across the Country and my firm, Dickinson Wright, allows only vaccinated individuals in the building (with unvaccinated people forced to wear masks). We have large conference rooms with enough space to maintain social distancing. That being said, if there is a specific reason why Ms. White is a high-risk individual and/or cannot travel to the place where she filed suit due to medical issues, please provide us with the rationale and/or the reasons for her high-risk status. Otherwise, we must insist to an in-person deposition.

**Defendant's Deposition**

We are confirming with our clients their availability, and should be able to get back to you shortly – surely quicker than you have been providing us with Ms. White's availability.

**My Deposition**

As it relates to my Deposition, I will not be providing you my availability. Simply put, your attempt to depose an attorney of record in this case for knowledge as you characterize in your initial disclosures as information "regarding receipt of Dmitry Lapin's email correspondence dated May 4, 2022 and May 12, 2022 providing notice of Defendant's infringement of White's artwork" is contrary to case law. Your description, would make ***every*** attorney who has ever received a correspondence from opposing counsel subject to deposition. Federal jurisprudence expressly disallows this harassment tactic. Specifically, the threshold for a party seeking to depose an opposing party's attorney under *Shelton* is a high one. The party seeking the deposition must establish that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *see also Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 278 F.3d 621, 628 (6th Cir. 2002). Applying these factors here shows that you will utterly fail to meet the high burden necessary to take my deposition:

> First, if you claimed there are no other means to obtain the information, you would be incorrect. Indeed, the communications you seek to ask about are with Mr. Lapin, who practiced at your firm where you are a name partner. Surely, you, as a name partner, would be aware of communications from attorneys employed by you.
>
> Second, the information sought is clearly privileged. Any communication with my client on any of these communications is quintessential attorney-client privilege.
>
> Third, you have failed to show how two emails are ***crucial*** to the preparation of the case. You have not shown that, because it simply is not.

To the extent you disagree and intend to notice my deposition, please let me know by **Thursday, June 16, 2022**. I plan on filing a Motion for a Protective Order with the Court on Friday (June 17); so consider this correspondence my L.R. 7.1(a) concurrence request. Unless you strike my name from your Initial Disclosures and expressly disavow any intent to take my deposition, I will file my motion and seek my fees relating to the Motion under Fed. R. Civ. P. 37 – as this deposition request is a completely meritless tactic that my client should not have to pay for to defend against.

**The Three URLS**

As previously stated, I am still confirming with my client. A cursory check of his systems showed no sales, but I have asked him to be thorough given your request for confirmation of this fact (I would note that if you're aware of any sales, for example, sales made to your client, or at her direction, since the inception of this lawsuit, we would expect those sales to have been disclosed in your initial disclosures pursuant to your obligations under the federal rules). My client spends his days running a small business and cannot simply jump when you say so. I will revert back with more information, but in the meantime, given that the listings have been taken down, we maintain that there is simply no harm to your client.

Thanks,

Yafeez

**From:** Emily Danchuk <emily@emilyesquire.com>
**Sent:** Tuesday, June 14, 2022 1:41 PM
**To:** Yafeez S. Fatabhoy <YFatabhoy@dickinson-wright.com>; Kory M. Steen <KSteen@dickinson-wright.com>; Mark Jotanovic <MJotanovic@dickinson-wright.com>; Edmund Aronowitz <edmund@aronowitzlawfirm.com>
**Subject:** EXTERNAL: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218

Yafeez,

Attached please find a courtesy copy of Plaintiff's Rule 26(a)(1) Initial Disclosures which are also being served via U.S. mail.

My client remains interested in Defendant's Rule 68 offer of judgment and extension ("Offer") and settlement of this case, but we note that there are several deficiencies in the Offer; first, it appears that service of the Offer was not properly effected. There is no confirmation of method of service and it appears that the Offer was only sent via email and not properly served. Second, a Rule 68 offer is considered rejected upon expiration of the 14-day period, and Rule 68 offers cannot be "extended" by certain amounts of time; your second "offer" would require Defendant to make a second separate and discrete Rule 68 offer with a new 14-day period in which Plaintiff may accept the offer. Accordingly, if Defendant still intends for a Rule 68 offer to have been validly made, we will need reissuance and service of a new Rule 68 offer to accept the same.

We also wonder if Defendant's Notice of Deposition and First Set of Requests were improperly served via email as well. From my review of the file and Ed's recollection, we cannot find that the parties' counsel consented in writing to electronic service pursuant to Fed.R.Civ.P. Rule 5(b)(2)(E). If you indeed have a signed consent, please forward to us for our files. If there is no signed consent, please advise if your client is amenable to e-service and we will prepare a written agreement for your execution for the commencement of e-service. In the meantime, however, we will expect proper service of these documents on Plaintiff, which has not yet occurred.

In response to your request regarding Hillary White's deposition, we would ask that Ms. White be permitted to attend her deposition virtually. Currently, Covid is still a threat and we see no real reason to subject Plaintiff and her counsel to risks from travelling for the deposition. Alternatively, if your client is not amenable to Ms. White's virtual deposition, please advise on dates on which we may take the depositions of: (a) the corporation's designated 30(b)(6) deponent; (b) Mr. Sal Kitty and (c) Yafeez Fatabhoy. Ms. White's availability for deposition is as follows: July and August are generally open for Ms. White's deposition. I will be travelling on the following dates: July 1st through July 11th and the first week in August. I have not yet confirmed availability of these dates with Ed Aronowitz who will need to attend. Once you confirm which dates work for your client, we can nail down the dates for depositions. If no dates work for both you and your client, we may want to consider asking Judge Levy for an extension of the discovery deadline.

Finally, with regard to sales of the three URL products, my request for confirmation of what your client stated should not require any "deep dives" or substantive consideration; either your client did or didn't confirm with you that there were no sales of the product. Respectfully, this is a yes or no question that shouldn't require days of contemplation.

I look forward to receiving your comprehensive response.

Sincerely,
Emily Danchuk

Emily A. Danchuk, Esq.

DANCHUK
LAW, LLC

ME Office: 2 Victoria Lane
Falmouth, ME 04105

NY Office: 244 Fifth Avenue, Suite E121
New York, NY 10001

direct: 207.747.4135
m: 917.400.1663
e: emily@emilyesquire.com
w: www.emilyesquire.com

Admitted in New York, Pennsylvania & Maine.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

# Appendix K

**Dawn M. Solis**

**From:** Emily Danchuk <emily@emilyesquire.com>
**Sent:** Wednesday, June 15, 2022 10:29 AM
**To:** Yafeez S. Fatabhoy
**Cc:** Edmund Aronowitz; Dawn M. Solis; Mark Jotanovic; Kory M. Steen
**Subject:** Re: EXTERNAL: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218

Yafeez,

All of these issues are certain to be resolved upon Plaintiff's acceptance of your client's new Rule 68 offer of judgment, no? If a Rule 68 offer is validly made by your client, the issues you raise will be moot. Accordingly, I see no point in wasting my client's money in preparing a long drawn-out response, but will address your points very briefly.

Rule 68 Offer
Please see *Staffend v. Lake Central Airlines, Inc.,* 47 F.R.D. 218, 220 (N.D. Ohio 1969)("For a court to extend the [fourteen]-day period within which the Offer of Judgment must be accepted would undermine the purpose of Rule 68...If this Court were to extend the period in which the plaintiffs may accept the defendants' Offer of Judgment, the usefulness of Rule 68 would be substantially destroyed.")

See also, *Carlock v. Hudson Seafood Corp.*, Civil Action No. 9:18-cv-590-RMG, at *2 (D.S.C. Mar. 30, 2018) ("Extending the period of time a Plaintiff has to accept an offer made pursuant to Rule 68 defeats, to some degree, the purpose of the rule, which is to encourage settlement by forcing both parties to think critically about the costs of protracted litigation.")

Finally, see *Pineda v. American Plastics Technologies, Inc.*, (Under [Fed.R.Civ.P.] Rule 6(b), a court could grant an extension of time to accept the defendant's Rule 68 offer, but only where "no other litigation costs would be incurred.") No. 12 Civ. 21145 (EGT), 2014 WL 1946686, at *9 (S.D. Fla. May 15, 2014).

Service of Notice of Deposition/Discovery
We will expect proper service of these documents. As I mentioned in my previous email and in the initial disclosures' Certificate of Service, we have served these documents according to the Federal Rules of Civil Procedure. Again, if you would like us to prepare an e-service consent to be signed by counsel for both parties, I am happy to provide the same for your consideration and execution.

Defendant's/Plaintiff's Depositions

I look forward to hearing back from you.

Your Deposition
Your summarization of the facts of the matter is incorrect. I address your specific points on requiring your deposition below:

> First, if you claimed there are no other means to obtain the information, you would be incorrect. Indeed, the communications you seek to ask about are with Mr. Lapin, who practiced at your firm where you are a name partner. Surely, you, as a name partner, would be aware of communications

from attorneys employed by you. Obviously, Mr. Lapin cannot attest to whether the May 4 and May 12 were received by you and/or forwarded or communicated to your client. Indeed, you are the only person who can attest to whether you sent the email to your client. Is your client willing to concede in writing that he did receive Mr. Lapin's communication(s)?

Second, the information sought is clearly privileged. Any communication with my client on any of these communications is quintessential attorney-client privilege. Indeed, the fact of whether you communicated with your client is not privileged information. Your deposition is required to prove the fact that your client did or did not receive notice from you and does not require disclosure of the substance of the communication.

Third, you have failed to show how two emails are ***crucial*** to the preparation of the case. You have not shown that, because it simply is not. Actually, this issue is indispensable to the question of whether your client disregarded notices of copyright, which, if he did, we would not only use such information to show willfulness of infringement but also to amend Plaintiff's complaint to name Mason Katty and/or Sal Katty individually as additional defendants. Accordingly, the answer to this question is absolutely crucial to Plaintiff's case, and thus far you have provided no facts to disrupt the conclusion that your client's infringement was willful; indeed, you've completely failed to provide any factual support for Defendant's position of non-willful infringement except to provide in an email that "My client also informs me that there were absolutely no sales made in connection with these drawings" and currently you're backpedaling on your statement, asserting that "A cursory check of his systems showed no sales, but I have asked him to be thorough given your request for confirmation of this fact" which statement seems quite far from your previous absolute stance. I also note that a "cursory check" is not what we demanded, and a thorough check should have been done the first time. But now that your client's been caught in a lie, you need some deep-dives; understood.

In my personal experience, over the years I've found that seasoned litigators are the few of us who (a) tend to follow the rules of the road, and (b) are the most pleasant of us to deal with.

I look forward to your response.

Sincerely,

Emily Danchuk

Emily A. Danchuk, Esq.

DANCHUK
LAW, LLC

ME Office: 2 Victoria Lane
Falmouth, ME 04105

NY Office: 244 Fifth Avenue, Suite E121
New York, NY 10001

direct: 207.747.4135
m: 917.400.1663
e: emily@emilyesquire.com
w: www.emilyesquire.com

Admitted in New York, Pennsylvania & Maine.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

On Tue, Jun 14, 2022 at 10:13 PM Yafeez S. Fatabhoy <YFatabhoy@dickinson-wright.com> wrote:

Emily,

Attached are Defendant's Rule 26 Initial Disclosures. I am sending a copy by regular mail, as well, given your reliance on Fed. R. Civ. P. 5(b)(2)(E). I have never encountered an opposing party who has asked for traditional service via mail. It is common practice (and usually implicit) in communications amongst seasoned litigators to waive such formalities and correspond via email. Frankly, your request that we strictly conform to arbitrary formalities suggests gamesmanship. Indeed, your request seems wholly arbitrary given that both parties have been utilizing emails and all our prior correspondence have been exchanged via email (which includes numerous letters you have sent to me (including the one last Monday)). Is it truly your intent to refuse service of discovery papers via email? Please let us know so we can act accordingly. In the meantime, we expect that you sent your initial disclosures via mail as well, since you've made the point of raising the absence of a Rule 5(2)(2)(E) consent agreement.

**Rule 68 Offer**

Consistent with the above, your suggestion that our Rule 68 Offer is "deficient" is illogical and seemingly hyper-technical beyond reason. We disagree that the Court would deem our Rule 68 Offer as null and void on the basis of your Rule 5 argument. As discussed above, both parties have been freely communicating via email and any suggestion that there was no tacit agreement to communicate electronically is disingenuous.

Also, to the extent you claim that our Rule 68 Offer has expired, you would be correct, had Defendant not offered to extend it. We are unaware of an authority (and you have proffered none) that says the parties cannot agree to hold open a Rule 68 Offer for longer than the 14 day default expiration period. Indeed, basic contract law states that the offeror (Defendant) controls the terms of the offer. In other words, Defendant has the ability to open its offer for a longer period, if it so chooses. In any event, to avoid a further dispute here, Defendant will reserve its Rule 68 Offer this week and send a copy via mail to your offices, which will hold open the offer an additional 14 days in the hopes we can settle this case.

**Service of Deposition Notice and RFP**

Keeping in mind the above (*i.e.* that the parties have been communicating via email, which includes *inter alia* exchange of the Rule 68 Offer, the Rule 26(f) discovery plan, and Defendants' discovery requests and deposition notice, without any Plaintiff objection until now) your claim that the Deposition Notice and RFPs were somehow not effectively served is incredulous. Indeed, your letter, of last Monday, responds to our Deposition Notice without raising any service objections and provides certain conflicts pertaining to your client's availability, of which we worked with you to try and find a suitable date. Now, at the eleventh hour, and for what appears to be Plaintiff engaging in more gamesmanship, you claim that service is ineffective. If you insist on traditional service methods via mail upon counsel, we can resend the Deposition Notice and Discovery Requests but will not tolerate delays attributed to your purported "defective service" argument as we are confident that, in response to a motion to compel, the Judge will deem this argument to have been waived given the history of correspondence between counsel.

**Ms. White's Deposition**

As of right now, we are not willing to agree to deposition by virtual means. Your client filed suit in the Eastern District of Michigan, and we are entitled to depose the named plaintiff, and "purported creator" of the copyrights at issue in this venue. As I am sure you are aware, many courts have returned to in-person hearings and trials (so when you filed this suit you must have known that she may need to travel to Michigan for an eventual trial). Vaccination rates are great across the Country and my firm, Dickinson Wright, allows only vaccinated individuals in the building (with unvaccinated people forced to wear masks). We have large conference rooms with enough space to maintain social distancing. That being said, if there is a specific reason why Ms. White is a high-risk individual and/or cannot travel to the place where she filed suit due to medical issues, please provide us with the rationale and/or the reasons for her high-risk status. Otherwise, we must insist to an in-person deposition.

**Defendant's Deposition**

We are confirming with our clients their availability, and should be able to get back to you shortly – surely quicker than you have been providing us with Ms. White's availability.

**My Deposition**

As it relates to my Deposition, I will not be providing you my availability. Simply put, your attempt to depose an attorney of record in this case for knowledge as you characterize in your initial disclosures as information "regarding receipt of Dmitry Lapin's email correspondence dated May 4, 2022 and May 12, 2022 providing notice of Defendant's infringement of White's artwork" is contrary to case law. Your description, would make ***every*** attorney who has ever received a correspondence from opposing counsel subject to deposition. Federal jurisprudence expressly disallows this harassment tactic. Specifically, the threshold for a party seeking to depose an opposing party's attorney under *Shelton* is a high one. The party seeking the deposition must establish that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *see also Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 278 F.3d 621, 628 (6th Cir. 2002). Applying these factors here shows that you will utterly fail to meet the high burden necessary to take my deposition:

> First, if you claimed there are no other means to obtain the information, you would be incorrect. Indeed, the communications you seek to ask about are with Mr. Lapin, who practiced at your firm where you are a name partner. Surely, you, as a name partner, would be aware of communications from attorneys employed by you.

> Second, the information sought is clearly privileged. Any communication with my client on any of these communications is quintessential attorney-client privilege.

> Third, you have failed to show how two emails are ***crucial*** to the preparation of the case. You have not shown that, because it simply is not.

To the extent you disagree and intend to notice my deposition, please let me know by **Thursday, June 16, 2022**. I plan on filing a Motion for a Protective Order with the Court on Friday (June 17); so consider this correspondence my L.R. 7.1(a) concurrence request. Unless you strike my name from your Initial Disclosures and expressly disavow any intent to take my deposition, I will file my motion and seek my fees relating to the Motion under Fed. R. Civ. P. 37 – as this deposition request is a completely meritless tactic that my client should not have to pay for to defend against.

**The Three URLS**

As previously stated, I am still confirming with my client. A cursory check of his systems showed no sales, but I have asked him to be thorough given your request for confirmation of this fact (I would note that if you're aware of any sales, for example, sales made to your client, or at her direction, since the inception of this lawsuit, we would expect those sales to have been disclosed in your initial disclosures pursuant to your obligations under the federal rules). My client spends his days running a small business and cannot simply jump when you say so. I will revert back with more information, but in the meantime, given that the listings have been taken down, we maintain that there is simply no harm to your client.

Thanks,

Yafeez

**From:** Emily Danchuk <emily@emilyesquire.com>
**Sent:** Tuesday, June 14, 2022 1:41 PM
**To:** Yafeez S. Fatabhoy <YFatabhoy@dickinson-wright.com>; Kory M. Steen <KSteen@dickinson-wright.com>; Mark Jotanovic <MJotanovic@dickinson-wright.com>; Edmund Aronowitz <edmund@aronowitzlawfirm.com>
**Subject:** EXTERNAL: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218

Yafeez,

Attached please find a courtesy copy of Plaintiff's Rule 26(a)(1) Initial Disclosures which are also being served via U.S. mail.

My client remains interested in Defendant's Rule 68 offer of judgment and extension ("Offer") and settlement of this case, but we note that there are several deficiencies in the Offer; first, it appears that service of the Offer was not properly effected. There is no confirmation of method of service and it appears that the Offer was only sent via email and not properly served. Second, a Rule 68 offer is considered rejected upon expiration of the 14-day period, and Rule 68 offers cannot be "extended" by certain amounts of time; your second "offer" would require Defendant to make a second separate and discrete Rule 68 offer with a new 14-day period in which Plaintiff may accept

the offer. Accordingly, if Defendant still intends for a Rule 68 offer to have been validly made, we will need reissuance and service of a new Rule 68 offer to accept the same.

We also wonder if Defendant's Notice of Deposition and First Set of Requests were improperly served via email as well. From my review of the file and Ed's recollection, we cannot find that the parties' counsel consented in writing to electronic service pursuant to Fed.R.Civ.P. Rule 5(b)(2)(E). If you indeed have a signed consent, please forward to us for our files. If there is no signed consent, please advise if your client is amenable to e-service and we will prepare a written agreement for your execution for the commencement of e-service. In the meantime, however, we will expect proper service of these documents on Plaintiff, which has not yet occurred.

In response to your request regarding Hillary White's deposition, we would ask that Ms. White be permitted to attend her deposition virtually. Currently, Covid is still a threat and we see no real reason to subject Plaintiff and her counsel to risks from travelling for the deposition. Alternatively, if your client is not amenable to Ms. White's virtual deposition, please advise on dates on which we may take the depositions of: (a) the corporation's designated 30(b)(6) deponent; (b) Mr. Sal Kitty and (c) Yafeez Fatabhoy. Ms. White's availability for deposition is as follows: July and August are generally open for Ms. White's deposition. I will be travelling on the following dates: July 1st through July 11th and the first week in August. I have not yet confirmed availability of these dates with Ed Aronowitz who will need to attend. Once you confirm which dates work for your client, we can nail down the dates for depositions. If no dates work for both you and your client, we may want to consider asking Judge Levy for an extension of the discovery deadline.

Finally, with regard to sales of the three URL products, my request for confirmation of what your client stated should not require any "deep dives" or substantive consideration; either your client did or didn't confirm with you that there were no sales of the product. Respectfully, this is a yes or no question that shouldn't require days of contemplation.

I look forward to receiving your comprehensive response.

Sincerely,

Emily Danchuk

Emily A. Danchuk, Esq.

DANCHUK
LAW, LLC

ME Office: 2 Victoria Lane

Falmouth, ME 04105

NY Office: 244 Fifth Avenue, Suite E121

New York, NY 10001

direct: 207.747.4135

m: 917.400.1663

e: emily@emilyesquire.com

w: www.emilyesquire.com

Admitted in New York, Pennsylvania & Maine.

This e-mail may contain confidential information. If you are not the intended recipient please advise me immediately and delete this correspondence. Any review, copying, or distribution of this email and/or attachments thereto is strictly prohibited.

*For docketing purposes of patent & trademark matters only*, please add the appropriate email of dwpatents@dickinson-wright.com or dwtrademarks@dickinson-wright.com to any emails being sent to our office. Thank you.

**Yafeez S. Fatabhoy** Attorney

350 S. Main Street
Suite 300
Ann Arbor MI 48104

Phone 248-205-3264
Fax 844-670-6009
Email YFatabhoy@dickinsonwright.com

DICKINSON WRIGHT PLLC

ARIZONA CALIFORNIA FLORIDA ILLINOIS KENTUCKY MICHIGAN NEVADA
OHIO TENNESSEE TEXAS WASHINGTON D.C. TORONTO

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

# Appendix L

## Dawn M. Solis

**From:** Yafeez S. Fatabhoy
**Sent:** Tuesday, June 21, 2022 12:42 PM
**To:** Emily Danchuk; Edmund Aronowitz
**Cc:** Dawn M. Solis; Mark Jotanovic; Kory M. Steen
**Subject:** White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218

Edmund,

Thanks for the call earlier today. Here's what we propose. Your client accepts the Rule 68 Offer. Accepting the Offer would moot our pending motion and obviate the need for you to respond to our discovery requests next week.

You can then file your Motion for Attorney Fees under 17 U.S.C. § 505, which we'll oppose. Indeed, the Rule 68 specifically contemplates post-judgment motion practice relating to attorney fees:

> "**Post-Judgment.** Nothing in this Offer of Judgment shall be construed as Defendant acquiescing to post-judgment relief sought by Plaintiff, including, among other things, any petition by Plaintiff for attorney fees and costs under 17 U.S.C. § 505. Defendant will oppose any request for costs or attorney fees under the discretionary fee-shifting provisions promulgated by 17 U.S.C. § 505."

This way, we'll just be fighting about a modest amount of fees. If we allow the Rule 68 Offer to lapse, and this case to proceed to trial, we may find ourselves arguing about hundreds of thousands of dollars in fees, which could be assessed to either party (depending on the jury verdict). If you accept the Rule 68 Offer as we suggest, and then seek fees thereafter, this matter will be resolved – one way or another – within a couple months.

Let us know your position, as we'd like to inform the Court whether the requested conference is unnecessary as soon as possible if you intend to accept the Offer.

Regards,

Yafeez Fatabhoy

# Appendix M

**Dawn M. Solis**

**From:** Yafeez S. Fatabhoy
**Sent:** Tuesday, June 21, 2022 8:45 PM
**To:** Edmund Aronowitz
**Cc:** Kory M. Steen; Mark Jotanovic; Dawn M. Solis; Emily Danchuk
**Subject:** RE: EXTERNAL: Re: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218

Edmund,

Thank you for providing the attached Notice of Acceptance. Although we have never challenged service via email (due to the fact that the parties have exchanged numerous documents via email for months previously), I will look for the copy in the mail.

Vis-à-vis your Request for Attorney's Fees, Defendant declines to engage in any negotiations relating to the payment of your Attorney Fees. As we have stated previously, my client has worked to expeditiously and amicably resolve this case from the outset. As just one example, my client provided an extremely reasonable Offer of Judgment, which you eventually accepted. But instead of working amicably to accept the Offer from the outset, and importantly conserve party resources, you instead demanded service by mail–in spite of months long communications between the parties through email. While you are surely correct that Fed. R. Civ. P. 5 (as you restate below) provides for service via mail, parties attempting to work in good faith to resolve this matter would surely not throw such road blocks. Yet, it seems as if your exercise was solely for my client to accrue additional fees.

Regardless, we are confident that a Court would decline awarding discretionary attorney fees given the facts of this case and the conduct of the parties Counsel during this litigation. As such, any monetary payment for attorney's fees is simply a non-starter for my client.

Thanks,
Yafeez

---

**From:** Edmund Aronowitz <edmund@aronowitzlawfirm.com>
**Sent:** Tuesday, June 21, 2022 5:34 PM
**To:** Yafeez S. Fatabhoy <YFatabhoy@dickinson-wright.com>
**Cc:** Dawn M. Solis <DSolis@dickinson-wright.com>; Mark Jotanovic <MJotanovic@dickinson-wright.com>; Kory M. Steen <KSteen@dickinson-wright.com>; Emily Danchuk <emily@emilyesquire.com>
**Subject:** EXTERNAL: Re: White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218

Yafeez,

See attached courtesy copy of the notice of acceptance of the Rule 68 Offer of Judgment. Hard copy is in the mail. Service is "complete upon mailing" under Rule 5(b)(2)(C) . We will proceed to file the offer, notice, and proof of service as required by Rule 68.

We intend to have our motion for fees filed within the time provided in the applicable rules. While we are fine filing a motion relating to fees and replying to your anticipated opposition, we still believe it will cost your client more proceeding down that path, even in the unlikely event the Court does not award the amount of fees we will be requesting, than if we resolve our present dispute about fees by agreement and without a motion.

We offer to privately resolve the fee dispute in exchange for payment of $8,000 on top of the $5,000 your client will owe on the judgment before costs. Should your client continue to insist on having the fees dispute resolved by the court instead of by agreement, we estimate that the amount of fees we will be requesting will be in excess of $12,000 due to the extra work we've put in since we estimated fees previously and the amount of work it will take to get our fee motion filed.

We can't force a compromise over fees, we can only point out the economic case for compromising now instead of trying to compromise later or waiting for an order after we've all filed our various fee related papers. If your client decides compromise over fees is something worth talking about further, please let us know.

Thank you,

-Edmund

Edmund Aronowitz
Aronowitz Law Firm PLLC
Tel: (248) 716-5421
edmund@aronowitzlawfirm.com

---

**From:** "Yafeez S. Fatabhoy" <YFatabhoy@dickinson-wright.com>
**Date:** Tuesday, June 21, 2022 at 1:42 PM
**To:** Emily Danchuk <emily@emilyesquire.com>, Edmund Aronowitz <edmund@aronowitzlawfirm.com>
**Cc:** "Dawn M. Solis" <DSolis@dickinson-wright.com>, Mark Jotanovic <MJotanovic@dickinson-wright.com>, "Kory M. Steen" <KSteen@dickinson-wright.com>
**Subject:** White v. Sports and Custom Tees, Inc. et al.; 22-cv-10218

Edmund,

Thanks for the call earlier today. Here's what we propose. Your client accepts the Rule 68 Offer. Accepting the Offer would moot our pending motion and obviate the need for you to respond to our discovery requests next week.

You can then file your Motion for Attorney Fees under 17 U.S.C. § 505, which we'll oppose. Indeed, the Rule 68 specifically contemplates post-judgment motion practice relating to attorney fees:

> "**Post-Judgment.** Nothing in this Offer of Judgment shall be construed as Defendant acquiescing to post-judgment relief sought by Plaintiff, including, among other things, any petition by Plaintiff for attorney fees and costs under 17 U.S.C. § 505. Defendant will oppose any request for costs or attorney fees under the discretionary fee-shifting provisions promulgated by 17 U.S.C. § 505."

This way, we'll just be fighting about a modest amount of fees. If we allow the Rule 68 Offer to lapse, and this case to proceed to trial, we may find ourselves arguing about hundreds of thousands of dollars in fees, which could be assessed to either party (depending on the jury verdict). If you accept the Rule 68 Offer as we suggest, and then seek fees thereafter, this matter will be resolved – one way or another – within a couple months.

Let us know your position, as we'd like to inform the Court whether the requested conference is unnecessary as soon as possible if you intend to accept the Offer.

Regards,

Yafeez Fatabhoy

*For docketing purposes of patent & trademark matters only*, please add the appropriate email of dwpatents@dickinson-wright.com or dwtrademarks@dickinson-wright.com to any emails being sent to our office. Thank you.

**Yafeez S. Fatabhoy** Attorney

350 S. Main Street
Suite 300
Ann Arbor MI 48104

Phone 248-205-3264
Fax 844-670-6009
Email YFatabhoy@dickinsonwright.com

DICKINSON WRIGHT PLLC
ARIZONA CALIFORNIA FLORIDA ILLINOIS KENTUCKY MICHIGAN NEVADA OHIO TENNESSEE TEXAS WASHINGTON D.C. TORONTO

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.